## TILGHMAN v. TILGHMAN.
### Civil Action No. 14800.

District Court of the United States for the
District of Columbia.

Nov. 2, 1944.

John J. O'Brien, of Washington, D. C.,
for plaintiff.

S. J. L'Hommedieu, of Washington, D.
C., for defendant.

PINE, Justice.

This is a motion to adjudge defendant in
contempt for failure to pay permanent ali-
mony awarded in a judgment for absolute
divorce, for allowance of counsel fees for
services rendered subsequent to final
judgment, and for money judgment for the
total arrearages of alimony. Defendant,
purporting to appear specially, has moved
to quash service of the motion above re-
ferred to on the ground that it was
made outside the territorial jurisdiction
of this court, and ineffective to acquire
jurisdiction over the person of defendant,
and on the further ground that contempt
proceedings, being actions in personam,
require personal service of process.

It is settled law that relief of the
character prayed for may be granted after
final judgment.[1]

The record herein establishes be-
yond doubt that this court has acquired
jurisdiction over the person of the de-
fendant. I need only cite that he was
served with process accepted by his at-
torney, signed and filed an answer to the
merits of the complaint, has been rep-
resented by three other attorneys, succes-
sively, one of whom appeared generally at
final hearing, and one after final judgment.
It is a record of resistance, just short of
adjudication in contempt, to this court's
orders with reference to alimony, both
pendente lite and permanent.

This court having acquired jurisdiction
over the person of defendant, the service

---

[1] Sec. 16—413, D.C.Code 1940; Junghans v. Junghans, 72 App.D.C. 129, 112 F.2d 212.

418

of motions thereafter is governed by the Federal Rules of Civil Procedure, and no further process is required, as defendant, by his fifth attorney, now contends.[2]

█ Rule 5(a) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c provides that every written motion, other than one which may be heard ex parte, shall be served upon each of the parties affected thereby. Rule 5(b) Federal Rules of Civil Procedure provides that service shall be made upon the attorney unless service upon the party is ordered by the court, and it further provides that service shall be made by delivering a copy or mailing it. Delivery is defined by this rule to mean, among others, the handing of a copy to the attorney or party.

In this case a deputy United States Marshal states on his return to this court, which is undisputed, that he served the defendant personally by handing him a true copy of the motion. This is in strict conformity with one method of service provided in Rule 5(b), Federal Rules of Civil Procedure. It is true plaintiff did not obtain, in advance, an order of court for service upon the party instead of the attorney, but I cannot believe the Rules are to be construed so narrowly as to make such failure a ground for invalidating the service herein. Such construction would be contrary to their spirit and purpose which is epitomized in Rule 1 Federal Rules of Civil Procedure, wherein it is stated that they should be construed to secure just, speedy, and inexpensive determination of every action.

Indeed, it would seem to be desirable practice, in motions of this character (and I have heretofore so indicated), to serve defendant personally under order of court, rather than his attorney of record, whenever there is likely to be a showing that, with the passage of years after final judgment, the attorney has lost contact with his client. By such practice, there is removed from consideration the lack of actual notice prior to adjudication for contempt and order of commitment; and the court is not required to rely solely upon the presumption of continued representation by an attorney after judgment in order to give validity to the service of such motions.[3]

█ But aside from the Federal Rules of Civil Procedure, the law is well settled that a court, once having acquired jurisdiction over the person of defendant, is empowered to enter an order of the character sought by this motion, notwithstanding defendant's absence from the jurisdiction, provided he received notice of the motion.[4]

█ In causing service of this motion to be made by a deputy United States Marshal, plaintiff has utilized the procedure outlined in Sec. 13—108, D.C.Code 1940 for service in lieu of publication on non-residents in actions in rem specifically set forth therein. But the utilization of such procedure, resulting in the service of the motion in accordance with the method provided in Rule 5(b), supra, does not convert the motion into a new action in personam wherein such procedure is unavailable, as defendant seems to assume. Nor does the utilization of such procedure convert the service of a motion into the service of original process, as defendant also seems to assume.

The motion to quash will be denied. Counsel will prepare appropriate order.

---

[2] Rule 5 Federal Rules of Civil Procedure; Watkins v. Rives, 75 U.S.App.D.C. 109, 116, 125 F.2d 33; Brooks v. United States, 9 Cir., 119 F.2d 636, 644.

[3] United States v. Curry, 6 How. 106, 12 L.Ed. 363; Tripp v. Santa Rosa Street R. R. Co., 144 U.S. 126, 12 S.Ct. 655, 36 L.Ed. 371; Rio Grande Irrigation Co. v. Gildersleeve, 174 U.S. 603, 19 S.Ct. 761,

43 L.Ed. 1103; Davis v. Wakelee, 156 U. S. 680, 681, 15 S.Ct. 555, 39 L.Ed. 579.

[4] Leman v. Krentler-Arnold Hinge Last Co., 284 U.S. 448, 52 S.Ct. 238, 76 L.Ed. 389; N.L.R.B. v. Hopwood Retinning Co., 2 Cir., 104 F.2d 302; Brooks v. United States, 9 Cir., 119 F.2d 636, 644; Teele Soap Mfg. Co. v. Pine Tree Products Co., Inc., D.C., 8 F.Supp. 546, 551.