**GRABER v. GRABER.**

Civ. A. No. 35273.

United States District Court
District of Columbia.

Oct. 18, 1950.

282

John J. O'Brien, of Washington, D. C., for plaintiff, for the motion.

HOLTZOFF, District Judge.

A final judgment was rendered in this action directing the defendant to pay alimony to the plaintiff at the rate of $70 a month. The defendant, being in arrears to the extent of $630, has been adjudged guilty of civil contempt of court because of failure to comply with this decree. The Court has ordered him to be committed to the custody of the marshal for thirty days or until he purges himself of contempt by paying the arrears due. Counsel for the plaintiff has delivered a certified copy of the commitment to the United States Marshal for the Eastern District of Virginia, and has requested him to take the defendant into custody in that district.

The question is now presented whether an order of commitment for a civil contempt of court issued by this court may be executed outside of the District of Columbia.

■■ Prior to the adoption of the Federal Rules of Civil Procedure, it was held that an order of commitment in a proceeding to punish for civil contempt of court may not be executed outside of the district in which the order was issued, Mitchell v. Dexter, 1 Cir., 244 F. 926; In re Graves, D.C.N.D.Iowa, 29 F. 60. Rule 4(f) of the Federal Rules of Civil Procedure, 28 U.S. C.A., provides that all process other than a subpoena may be served anywhere within the territorial limits of the State in which the district court is held. There is no doubt that an order or judgment of commitment for civil contempt of court is process. Consequently, the preexisting limitation has been extended by making it possible to execute such an order anywhere within the State in which the district court is held; but not beyond the boundaries of the State. This change does not affect the District of Columbia, since this district is not located in any State. The conclusion inescapably follows that an order of commitment for civil contempt of court issued by this court may not be executed outside of the District of Columbia.

This result may at times give rise to deplorable situations because a person may remain in nearby Maryland and Virginia and flout the orders of this Court. Parallel situations may arise in other cities, such as New York, Chicago, St. Louis, and Kansas City, where there is a considerable metropolitan area located in adjoining States. The problem is peculiarly acute in the District of Columbia because of the comparative small size of this district and also because in addition to its Federal jurisdiction this Court has jurisdiction in cases that elsewhere come before State courts, owing to the fact that the District of Columbia is Federal area. This defect in the law can perhaps be cured by an amendment to Rule 4(f) of the Federal Rules of Civil Procedure, providing that process may be served within the territorial limits of the State in which the district court is held, or within any district immediately adjoining that in which the process is issued.

■ It should be observed that this case involves a different problem than that presented to Judge Pine in Tilghman v. Tilghman, D.C., 57 F.Supp. 417. He held that once jurisdiction over the person has attached as a result of proper service of process, a motion to adjudicate a party guilty of contempt may be served outside of the district under Rule 5(b). I concur in this decision. It does not, however, apply to service of process, which is governed by Rule 4(f). An order or judgment of commitment is process.

■ So, too, it should be noted that the question presented here is not whether the order should be executed by the United States Marshal for the District of Columbia, or by the United States Marshal for the district in which the defendant may be found. If the nature of the process were such that it might be served outside of this district, either marshal could execute it, United States Code Annotated, Title 28, § 547(b). An order such as is involved here is not, however, effective beyond the confines of the district.

■ The present ruling is limited to proceedings in civil contempt and is not to be deemed applicable to criminal contempts,

since a warrant of arrest in a criminal case runs throughout the United States, Rule 4(c) (2), Federal Rules of Criminal Procedure, 18 U.S.C.A.; and removal of a defendant from one district to another is governed by Rule 40 of the Federal Rules of Criminal Procedure.

Accordingly, the Court directs that the order of commitment should not be executed outside of the District of Columbia.