Alphonse P. BALCHEN, Appellant,

v.

Marjorie A. BALCHEN, Appellee.

No. 3178.

Supreme Court of Alaska.

Aug. 5, 1977.

---

M. Ashley Dickerson and James Ottinger, M. Ashley Dickerson, Inc., Anchorage, for appellant.

Peter LaBate, Anchorage, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ and BURKE, JJ.

## OPINION

RABINOWITZ, Justice.

This is an appeal from the superior court's denial of Alphonse Balchen's Civil Rule 60(b) motion to set aside a judgment. For reasons set forth below, we affirm the superior court's decision in part and modify it in part.

In July 1973, Marjorie Balchen filed a complaint for divorce. Later that month, Paul F. Robison, Esq. filed an appearance on behalf of Alphonse Balchen. Thereafter, pursuant to the two documents filed, the Appearance and Waiver and the Separation and Property Settlement Agreement, the superior court, in October 1973, entered findings of fact and conclusions of law, a decree of divorce, and a child support order. Under the terms of the decree, Marjorie was given custody of three of the parties' four minor children, and Alphonse was ordered to pay monthly child support in the amount of $135.00 per child.

In July 1976, Marjorie filed a motion for judgment on back child support. In this motion Marjorie sought a total of $1,250.00 in arrearages for the support of two of the parties' daughters. Alphonse did not reply or plead to the motion. On August 23, 1976, a judgment was entered in which it was decreed that Alphonse owed the sum of $1,250.00 for back child support.[1] Three weeks later, Alphonse moved to set this judgment aside on two grounds. First, it was asserted that the judgment was void, because the superior court did not obtain jurisdiction over Alphonse since he was not served in accordance with either Civil Rule 4 or Civil Rule 5.[2] Second, it was contended

---

1. At this time a new child support order was entered by a master of the superior court. This order directed that all future support payments be made through the court trustee's office.

2. Civil Rule 60(b)(4) reads:

   On motion and upon such terms as are just, the court may relieve a party or his legal

that the superior court's judgment should be set aside because rendered through excusable neglect, mistake, or inadvertence.[3] This latter basis for appellant's attack on the judgment was founded on his allegations that the judgment included future support for a minor child who had been emancipated. The superior court denied Alphonse's Civil Rule 60(b) motion and this appeal followed.

Appellant's primary contention on appeal is that the superior court lacked jurisdiction to enter the judgment for support arrearages because "service of appellee's motion to reduce alleged arrearages to judgment . . . failed to comply with [the appropriate] Rules of Civil Procedure."

■ Alaska Civil Rule 5(b) provides that with respect to all pleadings and papers subsequent to the original complaint "the service shall be made upon the attorney unless service upon the party himself is ordered by the court." Alaska Civil Rule 4 sets forth the procedures whereby an original complaint is served, complete with a summons. Alphonse, rather than his attorney, was served with a copy of the motion. Thus the procedure used did not comply with Rule 5(b). Alphonse was not served with a summons. Therefore the procedure used did not comply with Rule 4. Alphonse contends that because there was lack of strict compliance with either Rule 4 or Rule 5(b) the superior court was without jurisdiction. A judgment rendered without jurisdiction is void and is thus vulnerable to attack pursuant to a Rule 60(b)(4) motion.[4] Since this court has not addressed this precise issue before, we think it appropriate to examine relevant authority from other sources.

Writing on the parallel federal rules, Professors Wright and Miller state:

> The requirement of service on the attorney is to be followed literally; service upon a party represented by an attorney does not comply with the rule. The theory underlying Rule 5(b) is that service of papers on the attorney rather than the party will expedite preparation of a case for prompt adjudication on the merits.
>
> There are two basic exceptions to the rule that papers be served on the attorney. Under the first, service on a party is valid—indeed it is obligatory—if a party does not have an attorney or if his attorney has ceased to represent him.
>
> . . .
>
> The second exception permits service on the party at the express direction of the court.[5] (footnotes omitted)

A case similar to the one at bar was presented in *Tilghman v. Tilghman*, 57 F.Supp. 417 (D.D.C.1944). In *Tilghman*, the wife move to have the husband adjudged in contempt for failure to pay the alimony as awarded in their divorce decree. The husband, who was personally served with a copy of the motion outside the District of Columbia, attempted a special appearance to quash service. The district court first noted that the court had acquired jurisdiction over the person of the husband in the divorce proceeding and thus all motions with respect to that action were governed by Fed.R.Civ.P. 5, rather than Fed.R.Civ.P. 4. The court next addressed the issue of non-compliance with the terms of Rule 5(b), since the husband, rather than the hus-

---

representative from a final judgment, order, or proceeding for the following reasons:

. . . . .

(4) the judgment is void[.]

Civil Rule 4(a) provides:

Upon the filing of the complaint the clerk should forthwith issue a summons and deliver it for service to a peace officer or to a person specially appointed to serve it. Upon request of the plaintiff separate or additional summons shall issue against any defendants.

Civil Rule 5(b) reads, in part:

Whenever under these rules service is required or permitted to be made upon a party

represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court.

**3.** Civil Rule 60(b)(1) provides that a party may be relieved from a final judgment in cases of "mistake, inadvertence, surprise or excusable neglect."

**4.** 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2862, at 198–200 (1973).

**5.** 4 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1145, at 583–84 (1969).

band's attorney, had been served with the motion. The court stated:

> It is true plaintiff did not obtain, in advance, an order of court for service upon the party instead of the attorney, but I cannot believe the Rules are to be construed so narrowly as to make such failure a ground for invalidating the service herein. Such construction would be contrary to their spirit and purpose which is epitomized in Rule 1 Federal Rules of Civil Procedure, wherein it is stated that they should be construed to secure just, speedy, and inexpensive determination of every action.
>
> Indeed, it would seem to be desirable practice, in motions of this character (and I have heretofore so indicated), to serve defendant personally under order of court, rather than his attorney of record, whenever there is likely to be a showing that, with the passage of years after final judgment, the attorney has lost contact with his client.[6]

■ We think the *Tilghman* analysis sound. In our view, the formal complaint-summons service requirements of Civil Rule 4 are inappropriate in proceedings which seek to enforce the terms of a prior divorce decree relating to child support payments. Unlike most judgments, divorce decrees can be modified at anytime; thus, the superior court retains jurisdiction of the matter after the "final" judgment has been entered.[7] We therefore hold that Civil Rule 5(b) provides the appropriate procedure to be followed in such cases.

■ Thus we must determine whether the failure to secure the court's permission prior to serving the appellant personally rendered the judgment void. In this case we are presented with a situation which is not atypical. As we noted previously, the decree of divorce was entered in October 1973, and appellee's motion to reduce support arrearages to judgment was granted in August 1976. The fact that attorneys often do not continue to represent individuals after the entry of a divorce decree implies that in order to ensure notice to the party of the pending motion, it is more appropriate to serve the party personally. This situation is analogous to the first exception to Civil Rule 5(b) discussed by Wright and Miller. That is, service on the party rather than the attorney is required when the attorney has ceased to represent the party or when the party does not have an attorney. Admittedly under Alaska's Rules of Civil Procedure as presently constituted, the preferred procedure is to obtain the superior court's permission prior to making service of a motion on a party personally. Nevertheless, this minor non-compliance with Civil Rule 5(b) does not require vacation of the judgment in question.[8]

■ At oral argument counsel for appellant advanced an argument which differed from those contained in appellant's brief. Appellant Alphonse now contends that appellee's motion to reduce the arrearage to judgment was defective in that it contained no notice of a hearing date [9] and additionally failed to advise him of the right to file opposition to the motion. Although we think there is merit in appel-

---

**6.** 57 F.Supp. at 418. *See generally* Annot., 42 A.L.R.2d 1115 (1955) and Annot., 15 A.L.R. 627 (1921).

**7.** AS 09.55.210 outlines the powers of the court to rule "in an action for divorce or action declaring a marriage void or at any time after judgment" with respect to property divisions and support orders. AS 09.55.205 provides authority for the court to enter orders concerning custody and visitation "at the final hearing or at any time thereafter during the minority" of the child of the marriage.

**8.** We are of the view that the general procedural questions raised by this appeal should be

referred to the Supreme Court's Standing Advisory Committee on Civil Rules. More particularly, we think there is merit in providing, in *matters such as enforcement procedures pertaining* to child support and custody, explicit rules which would permit service, including appropriate notice, on the party rather than upon the attorney who represented the party at proceedings leading up to the judgment or order which is sought to be enforced.

**9.** On the basis of the record before us, we conclude that no hearing was held on the motion.

lant's contentions that service of the motion, without more, was procedurally defective, we have concluded that this procedural defect does not furnish sufficient grounds for vacation of the judgment pursuant to Civil Rule 60(b)(4) since the defect is neither jurisdictional nor does it rise to the level of a due process violation.[10] Furthermore, given the particular setting of the case at bar, the procedural defect does not give rise to any other ground for relief specified in Civil Rule 60(b). We note that Alphonse has not contested the amount of support arrearage which the superior court found to be due. In the absence of any showing of a meritorious defense, we hold that the superior court did not err in denying appellant's Civil Rule 60(b) motion.[11]

In his second specification of error, appellant asserts that the order for future child support for both children "comprises a miscarriage of justice" because the facts before the court indicated that one of the children was no longer living with the mother. At oral argument counsel for appellee conceded that the order should be modified to require future support payments for only one minor child of the parties. Thus, on the basis of the concession by counsel for appellee, the superior court's order for future child support is to be modified accordingly.

Affirmed in part and modified in part.

---

**10.** This notice aspect of the general question will also be referred to the Standing Advisory Committee on Civil Rules. See note 8, *supra*.

**11.** In *Markland v. City of Fairbanks*, 513 P.2d 658 (Alaska 1973), we outlined the necessity that the Rule 60(b) movant establish a meritorious defense should the judgment be reopened.

*Cf. Aguchak v. Montgomery Ward Co., Inc.*, 520 P.2d 1352, 1354 (Alaska 1974) (Rule 60(b)(4) motion). Except in very unusual cases, we will not reverse the superior court's denial of a Rule 60(b) motion as an abuse of discretion where the movant has not made a showing of a meritorious defense.