**Frances PEW, Appellant,**

v.

**Maude Ann FOSTER, a/k/a Maude Ann Dehart, Appellee.**

**No. 6041.**

Supreme Court of Alaska.

March 4, 1983.

Michelle V. Minor, Anchorage, for appellant.

Jesse C. Bell, Atkinson, Conway, Bell & Gagnon, Anchorage, for appellee.

Before BURKE, C.J., and RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ.

## OPINION

MATTHEWS, Justice.

On September 12, 1979, the superior court ordered the appellant, Frances Pew, to answer two interrogatories. On November 12, 1980, appellee, Maude Ann Foster, moved for an order directing that judgment by default against Pew be entered as sanctions under Civil Rule 37(b) because she had not complied with the court's order. Pew's counsel did not respond to this motion and on January 7, 1981 it was granted.

On February 3, 1981, Pew moved, pursuant to Civil Rule 60(b), for relief from the order directing entry of judgment by de-

fault claiming that her attorney had not been served nor received notice of the motion for sanctions. Foster responded with evidence that service had been accomplished by mail. On March 25, 1981, Pew's Rule 60(b) motion was denied without resolution of the question of service of the motion for sanctions.[1] Instead, the superior court noted that "the record is devoid of any satisfactory explanation as to why it took defendant [seventeen months] to comply with an extant Court order compelling responses to interrogatories." In view of this the court concluded that Pew or her counsel had demonstrated "callous disregard of responsibilities counsel owe to the Court and to their opponents"[2] which justified the sanction of default judgment. On this basis the Rule 60(b) motion was denied. An appeal has been taken from the order granting the default and from the order denying relief therefrom.

With respect to the order directing the entry of judgment by default, no error was committed as that motion was unopposed. With respect to the order denying the Rule 60(b) motion for relief, a remand is required.

The superior court's decision was based on the fact that no satisfactory explanation had been offered as to why the order compelling interrogatories had not been complied with for some seventeen months. Ordinarily such an explanation would have been needed. In order to justify relief under Civil Rule 60(b) a meritorious defense to the matter on which the judgment or order rests must typically be presented. *Balchen v. Balchen,* 566 P.2d 1324, 1328 (Alaska 1977); *Markland v. City of Fairbanks,* 513 P.2d 658, 660 (Alaska 1973). In the context of the present case this rule, if applied, would mean that Pew was required to show that her noncompliance with the discovery order was not wilful, and thus that the motion for sanctions on which the default

---

1. Meanwhile, on February 13, 1981, Pew answered the two interrogatories she had been ordered to answer.

2. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747, 750 (1976) (*quoting In re Professional Hockey Antitrust Litigation,* 63 F.R.D. 641, 656 (E.D.Pa.1974).

was based could have been successfully defended.[3] However, the requirement that a meritorious defense be shown does not apply where the basis for the claimed Rule 60(b) motion is a due process violation. *Aguchak v. Montgomery Ward Co., Inc.,* 520 P.2d 1352, 1354 (Alaska 1974); *Balchen,* 566 P.2d at 1328. Entry of the order directing a default judgment without notice or opportunity to be heard would, of course, constitute such a violation. Thus the court erred in denying Pew's Rule 60(b) motion on the grounds that no underlying defense to the prior motion for sanctions had been demonstrated.

The judgment is REVERSED and the case REMANDED for further proceedings.

BURKE, Chief Justice, with whom COMPTON, Justice, joins, dissenting.

I respectfully dissent.

The record on appeal, together with counsel's concessions at the time of oral argument, convinces me that there is no basis whatsoever for appellant's claim that her right to due process has been violated. I would affirm the judgment.[1]

Justice COMPTON has authorized me to state that he joins in my dissent.

---

3. "Wilfulness, in the sense of a conscious intent to impede discovery, and not mere delay, inability or good faith resistance, must be demonstrated before sanctions may be imposed." *Hawes Firearms Co. v. Edwards,* 634 P.2d 377, 378 (Alaska 1981). The burden of showing the absence of wilfulness is placed on the party who has not complied with the discovery order. *Id.* n. 2.

1. There is good reason to believe that appellant's present predicament is due largely to the neglect of her attorney. If that is indeed the case, the result that I suggest would not leave her without a remedy. Appellant would be free to bring an action against her attorney, seeking damages for professional malpractice.