Betty THOMAS, Plaintiff and Appellee,

v.

Merlyn THOMAS, Defendant and Appellant.

Civ. No. 10969.

Supreme Court of North Dakota.

Feb. 20, 1986.

---

Robert A. Keogh, Dickinson, for plaintiff and appellee.

Greenwood, Greenwood & Greenwood, Dickinson, for defendant and appellant; argued by Mark L. Greenwood.

LEVINE, Justice.

Merlyn Thomas appeals from the order of the District Court of Stark County denying his motion to vacate an amended judgment. We consider the propriety of serving a motion to amend judgment upon a party, rather than upon the attorney who represented that party in the initial divorce action. We affirm.

When Merlyn and Betty Thomas were divorced in Stark County in 1977, Betty was represented by attorney Robert Baird and Merlyn was represented by attorney Mark Greenwood. Pursuant to the divorce judgment, Betty was awarded custody of the three minor children and Merlyn was ordered to pay child support.

In 1981, Merlyn appeared *pro se* before the District Court of Mercer County on an order to show cause. Merlyn was adjudged to be in arrears in support payments and was ordered to make increased payments to include payments on the arrearages.

Betty employed her present counsel, Robert Keogh, in late 1983, and, on February 3, 1984, an order to show cause and motion to modify the judgment was served upon Merlyn personally by the sheriff.

Merlyn responded by a letter to Mr. Keogh dated February 27, 1984, in which he stated: "At this time I cannot afford legal services because of my finacal [sic] situation and health condition bills." Merlyn appeared *pro se* throughout the modification proceedings before the District Court of Stark County. Following a hearing on December 17, 1984, the district court on December 19, 1984, entered an amended judgment which provided for increased child support.

On February 18, 1985, Merlyn brought a motion to vacate the amended judgment pursuant to Rule 60(b)(iv) and (vi), N.D.R. Civ.P. At that time Merlyn was represented by attorney Mark Greenwood. Merlyn contended that Betty's motion to modify the judgment should have been served upon his attorney of record in the original divorce action rather than upon him personally. The trial court denied Merlyn's motion and he has appealed.[1]

Rule 60(b)(iv), N.D.R.Civ.P., allows the court to provide relief from a judgment which is void. Merlyn contends that Betty's failure to comply with Rule 5(b), N.D.R.Civ.P., deprived the court of jurisdiction and rendered the subsequent amended judgment void. The trial court, under its continuing jurisdiction over divorce actions which include child support provisions, clearly had subject matter jurisdiction. Furthermore, the trial court clearly had in personam jurisdiction over Merlyn through the sheriff's personal service upon Merlyn of Betty's motion and order to show cause. We fail to see how service of the motion upon Merlyn personally, rather than upon his attorney, can divest the court of jurisdiction. We conclude that the trial court did not err in denying Merlyn's motion under Rule 60(b)(iv).

Merlyn's motion to vacate the amended judgment was also based upon Rule 60(b)(vi), N.D.R.Civ.P., which provides that

---

1. Merlyn's notice of appeal states that he appeals from the order denying his motion to vacate and from the "Order for Amendment of Judgment and Amendment to Judgment." In his brief, however, Merlyn states that he appeals from the order denying his motion, and he raises no issues regarding the purported appeal from the "Order for Amendment of Judgment and Amendment to Judgment." We therefore deem Merlyn's purported appeal from the "Order for Amendment of Judgment and Amendment to Judgment" to be waived.

a court may relieve a party from a final judgment or order for "any other reason justifying relief from the operation of the judgment." An application to vacate a judgment under that subsection is addressed to the sound discretion of the trial court, and its decision will not be disturbed on appeal absent an abuse of discretion. *Zundel v. Zundel*, 146 N.W.2d 896, 901 (N.D.1966). In order to determine whether the trial court abused its discretion in denying Merlyn's motion, we must review Betty's alleged violation of Rule 5(b), N.D.R. Civ.P.

Merlyn contends that Rule 5(b) required that Betty serve the motion upon Mark Greenwood, his attorney in the 1977 divorce action.[2] The pertinent portion of Rule 5(b) provides:

"*(b) Service—How Made.* Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court."

Merlyn contends that he was "represented by an attorney" because Mark Greenwood was still listed as the attorney of record in the initial divorce action, although there is no indication in the record of any contact between Merlyn and Greenwood in the 6½ year period between the conclusion of the original divorce and the commencement of this proceeding. We are thus presented with the question whether an attorney who represents a client in the original divorce action continues to represent the client 6½ years after the divorce judgment.

Other jurisdictions have been presented with similar questions regarding the propriety of service of a motion to modify a divorce judgment upon the opposing party's attorney in the initial divorce, with an apparent split among the various jurisdictions which have considered the issue. See Annot., 42 A.L.R.2d 1115 (1955), and Annot., 15 A.L.R. 627 (1921), for a compilation of cases. *See also Cox v. Cox*, 457 F.2d 1190, 1197 (3rd Cir.1972); *Scarth v. Scarth*, 211 Or. 121, 128–129, 315 P.2d 141, 144–145 (1957). It appears, however, that all of these cases involve factual situations different from the instant case. In those cases service was made on the attorney, and the client complained that such service was inadequate. We also note that those cases apparently did not involve rules similar to Rule 5(b), N.D.R.Civ.P.

Rule 5(b), N.D.R.Civ.P., is adopted nearly verbatim from the corresponding federal rule, and we therefore look to interpretive federal caselaw as an aid in construing our own rule. *E.g., Shark v. Thompson*, 373 N.W.2d 859, 863 (N.D.1985). We have found one case construing the federal rule and one case construing a state's adaptation of the rule which we find persuasive in resolving the issue before us.

In *Tilghman v. Tilghman*, 57 F.Supp. 417 (D.D.C.1944), the ex-wife moved the court for an order allowing attorneys fees for proceedings subsequent to judgment, for a money judgment for alimony arrearages, and for an order holding the ex-husband in contempt. The ex-husband was served personally, and he moved to quash the motion on the ground that Rule 5(b), F.R.Civ.P., required service upon his attorney. The court, in denying the motion to quash, stated:

"It is true plaintiff did not obtain, in advance, an order of court for service upon the party instead of the attorney, but I cannot believe the Rules are to be construed so narrowly as to make such failure a ground for invalidating the service herein. Such construction would be contrary to their spirit and purpose which is epitomized in Rule 1 Federal Rules of Civil Procedure, wherein it is stated that they should be construed to secure just, speedy, and inexpensive determination of every action.

"Indeed, it would seem to be desirable practice, in motions of this character (and

---

**2.** As previously discussed, any error in service in this case would be a procedural, not jurisdictional, defect.

I have heretofore so indicated), to serve defendant personally under order of court, rather than his attorney of record, whenever there is likely to be a showing that, with the passage of years after final judgment, the attorney has lost contact with his client. By such practice, there is removed from consideration the lack of actual notice prior to adjudication for contempt and order of commitment; and the court is not required to rely solely upon the presumption of continued representation by an attorney after judgment in order to give validity to the service of such motions." *Tilghman, supra,* 57 F.Supp. at 418.

In *Balchen v. Balchen,* 566 P.2d 1324 (Alaska 1977), the Supreme Court of Alaska relied heavily upon *Tilghman* in construing Rule 5(b), Alaska R.Civ.P. In *Balchen,* the ex-husband moved to set aside a money judgment for child support arrearages because the ex-wife's motion was served upon him personally, rather than upon his attorney. The court stated that, under the circumstances, any non-compliance with Rule 5(b) did not require vacation of the judgment:

"Thus we must determine whether the failure to secure the court's permission prior to serving the appellant personally rendered the judgment void. In this case we are presented with a situation which is not atypical. As we noted previously, the decree of divorce was entered in October 1973, and appellee's motion to reduce support arrearages to judgment was granted in August 1976. The fact that attorneys often do not continue to represent individuals after the entry of a divorce decree implies that in order to ensure notice to the party of the pending motion, it is more appropriate to serve the party personally. This situation is analogous to the first exception to Civil Rule 5(b) discussed by Wright and Miller. That is, service on the party rather than the attorney is required when the attorney has ceased to represent the party or

when the party does not have an attorney. Admittedly under Alaska's Rules of Civil Procedure as presently constituted, the preferred procedure is to obtain the superior court's permission prior to making service of a motion on a party personally. Nevertheless, this minor non-compliance with Civil Rule 5(b) does not require vacation of the judgment in question." *Balchen, supra,* 566 P.2d at 1327.

We agree with the rationale expressed in *Tilghman* and *Balchen.* In the absence of facts which would indicate that the other party's attorney continues to represent him after entry of the prior divorce judgment, it is more appropriate to serve the party personally.[3] We find support for this construction of Rule 5(b) in 4 Wright & Miller, Federal Practice and Procedure: Civil § 1145 (1969): "Rule 5 presumes that the lawsuit has not been terminated and that the papers delivered to the attorney are part of an ongoing lawsuit."

Although the district court retains continuing jurisdiction to modify support or custody provisions after entry of the divorce judgment, *see* Sections 14-05-22 and 14-05-24, N.D.C.C., it can hardly be said that a motion to modify brought several years after entry of judgment is "part of an ongoing lawsuit." Rather, a motion to modify brought after the time period for appeal from the original judgment has expired is akin to a new proceeding. *McClelland v. Pierce,* 376 N.W.2d 217, 219 (Minn. 1985); *see* § 29-15-21(2), N.D.C.C. [a proceeding to modify alimony, property division, child support, or custody "shall be considered a new proceeding separate from the original action" for purpose of demand for change of judge]. As a practical matter, we note that attorneys routinely close their file in a divorce action after entry of judgment, unless there are difficulties encountered in enforcing the judgment. Thus, we conclude that, absent other factors indicating an ongoing attorney-

**3.** Although we conclude that service upon the party was sufficient in this case, professional courtesy suggests that notification to the attorney of record in the original divorce action, by sending a photocopy of the moving papers or otherwise, would be appropriate.

client relationship, there is no presumption of continuing representation by an attorney in a divorce matter after entry of the original judgment and expiration of the time for appeal.

In essence, the issue becomes one of fact: Was the party represented by an attorney at the time of service? We do not agree with Merlyn that the mere fact that Mark Greenwood remained listed as the attorney of record in the original action is conclusive proof that he was representing Merlyn 6½ years later on Betty's motion to modify. Merlyn has not shown any contact between himself and Greenwood during the 6½ year interim. In addition, Merlyn represented himself *pro se* in related proceedings in 1981, and, upon receiving the motion involved here, he promptly indicated to Betty's counsel his intention to proceed *pro se*. Under these circumstances, it was appropriate for Betty to serve the motion upon Merlyn personally.

Our decision in *Kinsella v. Kinsella*, 181 N.W.2d 764 (N.D.1970), does not, as Merlyn contends, require a different result. In *Kinsella*, the parties had been divorced in 1956. In 1968, the ex-wife, by her attorney, commenced an action in Burleigh County for child support arrearages. She also commenced a separate action in Cass County under the Uniform Reciprocal Enforcement of Support Act. The ex-husband subsequently brought a motion to modify the original divorce decree in Burleigh County. This motion was served upon the ex-wife's attorney. In holding that service upon the attorney complied with Rule 5(b), N.D.R.Civ.P., the Court relied upon the fact that the attorney was in fact representing Mrs. Kinsella at the time in other pending proceedings arising out of the same divorce judgment. Thus, in Rule 5(b) terms, Mrs. Kinsella was a party "represented by an attorney." In the instant case, however, there is no indication that Greenwood represented Merlyn in any proceedings subsequent to the original judgment. *Kinsella* is clearly distinguishable and does not require the result urged by Merlyn in this case.

We conclude that the trial court did not abuse its discretion in denying Merlyn's motion to vacate the amended judgment. Accordingly, we affirm the order denying Merlyn's motion to vacate the amended judgment.

ERICKSTAD, C.J., and GIERKE and MESCHKE, JJ., concur.

VANDE WALLE, Justice, concurring specially.

Insofar as the majority opinion concludes that the amended judgment was not void because the trial court had in-personam jurisdiction of Merlyn as a result of his personal appearance and participation in the motion to amend the judgment and that relief under Rule 60(b)(iv), N.D.R.Civ.P., therefore is not appropriate, I concur in the majority opinion. Under Rule 60(b)(vi), an application to vacate a judgment is addressed to the sound discretion of the trial court. I therefore further agree that under the facts of this case the trial court did not abuse its discretion in refusing to vacate the amended judgment, although if I were exercising that discretion I might have arrived at a different result.

I do not agree, however, with some of the rationale used in the majority opinion. The old adage is that "bad cases make bad law." The majority opinion affirms the foresight of that adage. It appears to me to make far better sense to serve both counsel of record *and* the party in instances such as we are confronted with here. The additional service on the attorney of record is not burdensome. If counsel in a divorce case wishes to wash his or her hands of any subsequent proceedings that might arise out of the divorce proceeding, I assume a notice of withdrawal of counsel can be placed of record. Thus I would hope the majority opinion does not serve to establish the normal standard to be followed in future cases involving similar circumstances.

As I understand the majority opinion, the issue is one of fact, i.e.: "was the complaining party represented by an attorney at the

time of service?" In answering the question the majority opinion notes that the fact that an attorney remained listed as the counsel of record in the original action is not conclusive. But is it to be given any weight at all? If there are no other pertinent facts present, is the passage of time sufficient, of itself, to erase any presumption that counsel of record in the divorce action remains counsel for the party? If passage of time is sufficient, how much time? If I understand the majority opinion correctly, there must be other facts present to indicate that there was contact between a party and his or her attorney during the interval between the entry of judgment and the motion to amend. It appears to me, however, that this is exactly what Rule 5, N.D.R.Civ.P., was intended to avoid, i.e., that absent a showing to the contrary, counsel of record would govern. In this instance Merlyn did represent himself in a related proceeding between the entry of judgment and Betty's motion to amend the judgment. As a result, Betty's counsel believed Merlyn's counsel no longer was representing him. Under the facts of this case, therefore, failure to serve Merlyn's counsel is understandable. However, the general tenor of the majority opinion appears to me to place the burden on the responding party rather than on the movant if there is a passage of time between the entry of judgment and the motion to amend the judgment. I disagree with that result.

The majority opinion also notes that "attorneys routinely close their file in a divorce action after entry of judgment, unless there are difficulties encountered in enforcing the judgment" and that "absent other factors indicating an ongoing attorney-client relationship, there is no presumption of continuing representation by an attorney in a divorce matter after entry of the original judgment."

I believe that statement to be too broad as a general statement. It is more easily made under these circumstances in which some 6½ years had expired since the date of the entry of the judgment and the time Betty's motion to modify the judgment was served on Merlyn. In a situation in which, although the time for appeal has passed and no difficulties have been encountered in enforcing the judgment, a much shorter period of time has expired, perhaps even a matter of days or weeks, that general statement will be much more difficult to accept.

Furthermore, I am not convinced the statement is not contrary to the law of this State. The majority opinion attempts to distinguish the decision in *Kinsella v. Kinsella*, 181 N.W.2d 764 (N.D.1970). But in that case this court, at page 768 of the reported decision, stated:

"In ordinary circumstances an attorney represents his client only in the matters in which he is employed and not in unrelated proceedings which may be instituted against his client. At that time service upon him would be improper. ... However, in the instant case, Mr. Mills initiated an action based on the divorce judgment, and *all subsequent actions at bar were related and founded upon this divorce judgment. This being so, service of the motion papers upon Mr. Mills to modify the judgment in these proceedings would be valid service upon Mrs. Kinsella, ...*" [Emphasis mine.]

Therefore, although I agree the trial court may not have abused its discretion by refusing to vacate the amended judgment, I do not agree with what the majority opinion appears to set forth as the normal practice to be followed in this State in similar circumstances in the future.