In re the MARRIAGE OF Lee F. CARRIER and Sheila Carrier.

Upon the Petition of Lee F. Carrier, Appellant,

And Concerning

Sheila Carrier, Appellee.

No. 96–1258.

Supreme Court of Iowa.

March 25, 1998.

James H. Waters, Des Moines, for appellant.

Gary J. Rolfes of Mayer, Mayer, Lonegran & Rolfes, Clinton, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and TERNUS, JJ.

HARRIS, Justice.

The district court ordered an increase in child support in this proceeding seeking modification of a Colorado divorce decree. After the divorce the mother and the parties' child moved to Iowa. The respondent, who remained a Colorado resident, challenged: (1) the Iowa court's jurisdiction over him; and (2) on the basis of a federal statute, the court's authority to order the modification. Although we entertain grave doubts concerning the finding of personal jurisdiction, we elect to rest our holding on the second ground of the challenge and reverse.

■ I. In 1994, Congress passed the full faith and credit for child support orders act (FFCCSOA), which provides that states must comply with child support orders made in other states. *See* 28 U.S.C. § 1738B(a) (1994). Under the supremacy clause, article VI of the United States Constitution, the provisions of the FFCCSOA are binding on all states and supersede any inconsistent provisions of state law. *Schuver v. E.I. DuPont de Nemours & Co.*, 546 N.W.2d 610, 612 (Iowa 1996); *Kelly v. Otte*, 123 N.C.App. 585, 474 S.E.2d 131, 134 (1996). Congress passed the act because some states were refusing to give full faith and credit to other states' orders concerning child support. Congress was also concerned because a lack of uniformity in child support orders encouraged noncustodial parents to relocate to other states to avoid their support obligations. *Day v. Child Support Enforcement Div.*, 272 Mont. 170, 900 P.2d 296, 300 (1995). The purpose behind the FFCCSOA is threefold: (1) to facilitate the enforcement of states' custody determinations and child support orders in sister states; (2) to discourage continuing interstate controversies over child support; and (3) to avoid jurisdictional competition and conflict among state courts in the establishment of child support orders. *See* Full Faith and Credit for Child Support Orders Act, Pub.L. No. 103–383, 108 Stat. 4063, 4064 (1994).

The act provides that a child support order is made consistently with the full faith and credit act if:

(1) a court that makes the order, pursuant to the laws of the state in which the court is located and subsections (e), (f), and (g)—

(A) has subject matter jurisdiction to hear the matter and enter such an order; and

(B) has personal jurisdiction over the contestants; and

(2) reasonable notice and an opportunity to be heard is given to the contestants. 28 U.S.C. § 1738B(c).

■ The parties here agree that the Colorado decree is a valid order under § 1738B(c). The next question is whether Iowa has authority to modify the Colorado order. Section 1738B(a) provides:

(a) General rule.—The appropriate authorities of each state—

(1) shall enforce according to its terms a child support order made consistently with this section by a court of another state; and

(2) shall not seek or make a modification of such an order except in accordance with subsections (e), (f), and (i).

28 U.S.C. § 1738B(a). The foregoing language allows a state court to modify a child support order, such as the Carriers' Colorado decree, only if permitted by § 1738B(e), (f), and (i).

The first requirement set forth in § 1738B(e) allows modification of a child support order by a sister state if the rendering state loses continued, exclusive jurisdiction over the child support order.[1] Subsection (e) provides:

(e) Authority to modify orders.—A court of a state may modify a child support order issued by a court of another state if—

(1) the court has jurisdiction to make such a child support order pursuant to subsection (i); and

(2)(A) the court of the other state no longer has continuing, exclusive jurisdiction of the child support order because that state no longer is the child's state or the residence of any individual contestant; or

(B) each individual contestant has filed written consent with the state of continuing, exclusive jurisdiction for a court of another state to modify the

---

1. The FFCCSOA defines "continuing, exclusive jurisdiction" in § 1738B(d) as follows:

Continuing jurisdiction.—A court of a state that has made a child support order consistently with this section has continuing, exclusive

jurisdiction over the order if the state is the child's state or the residence of any individual contestant unless the court of another state, acting in accordance with subsections (e) and (f), has made a modification of the order.

order and assume continuing, exclusive jurisdiction over the order.

Thus, in order for a court of any state other than the original issuing state to modify a child support order, that court must have jurisdiction, and either: (1) the issuing state must no longer be the child's state or [2] the residence of any individual contestant; or (2) the parties must file written consent to another state assuming jurisdiction. 28 U.S.C. § 1738B(e)(2).

The present modification proceeding does not meet the express statutory requirements of § 1738B(e)(2). Colorado remains the residence of Lee, an individual contestant, and he has not given written consent to Iowa jurisdiction. Therefore under § 1738B(e)(2)(A), Colorado has exclusive continuing jurisdiction. As a result the Iowa district court did not have power to modify the Colorado decree. Sheila must seek any modification of the child support order in a Colorado court. The judgment of the district court must be reversed and the case remanded for an order dismissing Sheila's petition.

II. Both Lee and Sheila have requested an award of attorney fees. We reject both requests and order that both parties pay their own trial and appellate attorney fees. Costs are taxed to Sheila.

**REVERSED AND REMANDED.**

2. Sheila argues the "or" is disjunctive, *i.e.*, the requirements are stated in the alternative. She seems to reason that because the child no longer lives in Colorado, Iowa can claim jurisdiction. We think, from the plain wording of the statute, her interpretation is unwarranted.