Filed 7/29/99 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1999 ND 158

Shauna Rowley, f/k/a

Shauna R. Cleaver, Plaintiff and Appellee

v.

Barry V. Cleaver, Defendant and Appellant

No. 990003

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Bruce E. Bohlman, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Dale R. Rivard and Tamara L. Novotny (argued), third-year law student, appearing under the Rule on Limited Practice of Law by Law Students, Regional Child Support Enforcement Unit, 221 South Fourth Street, Grand Forks, N.D. 58201, for plaintiff and appellee.

Henry H. Howe, Howe & Seaworth, 421 DeMers Avenue, Grand Forks, N.D. 58206-5421, for defendant and appellant.

Rowley v. Cleaver

No. 990003

Sandstrom, Justice.

[¶1] Barry Cleaver appeals from the amended judgment of the district court increasing the amount of child support he is required to pay.  We are asked to decide what notice must be given for a court to change its previous child support order.  We conclude service under Rule 5, not Rule 4, of the North Dakota Rules of Civil Procedure is sufficient, and affirm.

I

[¶2] Barry Cleaver and Shauna Sather, formerly known as Cleaver and as Rowley, were divorced in Grand Forks, North Dakota, in September 1991.  They had two children, who were nine and seven years old at the time of the divorce.  Subject to modification, Cleaver was ordered to pay $375 per month in child support until the parties’ younger child turned 18.

[¶3] On March 6, 1998, Sather applied to have the Grand Forks Regional Child Support Unit review Cleaver’s child support obligation under the 1991 divorce judgment.  
See
 N.D.C.C. § 14-09-08.9.  On March 6, 1998, in compliance with Rule 5 of the North Dakota Rules of Civil Procedure, the child support unit mailed a pre-review notice and adjustment letter to Cleaver by regular mail at his address in Mims, Florida, informing him a review of his child support obligation was being conducted and requesting he provide necessary financial information.  
See
 N.D.C.C. § 14-09-08.6.  In April 1998, Cleaver sent the child support unit a copy of his 1996 income tax returns and W-2 forms.  On April 7, 1998, again in compliance with Rule 5, the child support unit sent another letter to Cleaver at the Florida address, requesting a copy of his latest military Leave and Earnings Statement.  He complied with this request by sending a copy of his March 1998 statement, which was received in Grand Forks on April 20, 1998.

[¶4] Applying the North Dakota Child Support Guidelines to the financial information provided by Cleaver, the child support unit calculated Cleaver’s child support obligation for the two children should be increased to $723 per month.  On April 27, 1998, the unit sent a letter to Cleaver at his Florida address, informing him of the results of the review.  The letter provided Cleaver with fifteen days to express any disagreement with the amount and informed him if he did not, the unit would otherwise petition the district court for modification.

[¶5] Cleaver did not respond to the April 27 letter.  On July 16, 1998, the unit moved the district court to change the child support obligation.  Copies of the moving documents were mailed to Cleaver at the Florida address.  The notice of motion informed Cleaver:  a hearing on the motion would be held in the district court in Grand Forks on August 17, 1998; the child support unit was not requesting oral argument at the time; and, Cleaver had ten days after service to file an answer brief.  The unit informed Cleaver the parties were not expected to appear at the hearing unless he filed an answer brief and supporting documents and requested oral argument.

[¶6] Cleaver never requested oral argument, but on August 17, 1998, the day the motion to amend was to be heard, Cleaver’s attorney delivered to the district court a letter and brief questioning jurisdiction.  In an order dated September 1, 1998, the district court found it had personal jurisdiction and provided Cleaver with fourteen days to respond to the motion.  No response was received, and on October 20, 1998, the district court ordered the 1991 judgment amended to increase Cleaver’s child support to $723 per month.

[¶7] Cleaver appeals from the amended judgment of the Northeast Central Judicial District Court.  The district court had jurisdiction under N.D.C.C. § 27-05-06.  This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28-27-01.

II

A

[¶8] Cleaver argues Rule 5 of the North Dakota Rules of Civil Procedure provided him with insufficient notice of the child support hearing and, instead, service should have been made under Rule 4 of the North Dakota Rules of Civil Procedure.  He argues he was denied procedural due process.  We review a claimed violation of a constitutional right de novo.  
State v. Treis
, 1999 ND 136, ¶ 11 (citations omitted).

[¶9] N.D.R.Civ.P. 4 requires notice by mail to be certified, while N.D.R.Civ.P. 5 does not.  Rule 4 provides, in part:

(i) Proof of Service.  Proof of service of the summons and of the complaint or notice, if any, accompanying the same or of other process, must be made as follows:

.  .  .  .

(4) in any other case of service by mail or delivery via a third-party commercial carrier resulting in delivery in accordance with paragraph (2) or (3) of subdivision (d) of this rule, by an affidavit of the mailing or an affidavit of delivery of a copy of the summons and complaint or other process, 
with return receipt attached
;

.  .  .  .

(k) Content of Affidavit of Mailing or Delivery via a Third-party Commercial Carrier.  An affidavit of mailing or delivery required by this rule must state a copy of the process, pleading, order of court, or other paper to be served was deposited by the affiant, with postage or shipping prepaid, in the mail or with a third-party commercial carrier and directed to the party shown in the affidavit to be served at the party’s last reasonably ascertainable address.  The affidavit must contain the date and place of deposit and indicate the affiant is of legal age.  The return receipt, if any, must be attached to the affidavit.

N.D.R.Civ.P. 4(i), (k) (emphasis added).  The purpose of N.D.R.Civ.P. 4 is to acquire personal jurisdiction over a party.  “‘Personal jurisdiction over a person is acquired by service of process in compliance with N.D.R.Civ.P. 4, or if a non-resident makes a voluntary general appearance and fails to assert the lack of personal jurisdiction.”’  
Messer v. Bender
, 1997 ND 103, ¶ 6, 564 N.W.2d 291 (quoting 
Larson v. Dunn
, 474 N.W.2d 34, 39 (N.D. 1991)).  Under N.D.R.Civ.P. 4(d)(2)(A)(v), “[p]ersonal service of process within the state must be made . . . [by] any form of mail or third-party commercial delivery addressed to the individual to be served and requiring a signed receipt and resulting in delivery to that individual.”

[¶10] Under N.D.R.Civ.P. 5, service is accomplished by simple mail and does not require a return receipt.  Rule 5 provides, in part:

(a) Service—When Required.  Except as otherwise provided in these rules, every order required by its terms to be served, and, unless otherwise ordered by the court, every pleading subsequent to the original complaint, every paper relating to discovery required to be served upon a party, every written motion other than one which may be heard ex parte, every proposed order, order for judgment, decree, finding of fact and conclusion of law, every paper filed with the clerk or submitted to the judge, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper must be served on each of the parties.  No service need be made on parties in default for failure to appear except pleadings asserting new or additional claims for relief against them must be served upon them in the manner provided for service of summons in Rule 4.

.  .  .  .

(b) Service—How Made. . . . Service upon the attorney or upon a party must be made by delivering a copy to the attorney or party . . . or by mailing or delivering via third-party commercial carrier a copy to the attorney or party at the attorney’s or party’s last known address or, if no address is known, upon order of the court by leaving it with the clerk of the court. . . . Service by mail is complete upon mailing. Service via a third-party commercial carrier is complete upon deposit of the paper to be served with the commercial carrier.

N.D.R.Civ.P. 5(a), (b).

B

[¶11] The dispositive issue is whether North Dakota had jurisdiction over Cleaver to render service under N.D.R.Civ.P. 4 unnecessary.  
In 1994, Congress passed the Full Faith and Credit for Child Support Orders Act (“Act”).  28 U.S.C. 1738B.  
The purposes of the Act are:

(1) to facilitate the enforcement of child support orders among the States;

(2) to discourage continuing interstate controversies over child support in the interest of greater financial stability and secure family relationships for the child; and

(3) to avoid jurisdictional competition and conflict among State courts in the establishment of child support orders.

Pub. L. No. 103-383, § 2(c).  The Act provides that each state shall enforce a child support order if it is made “consistently with this section by a court of another State.”  28 U.S.C. 1738B(a)(1).  The Act also provides for continuing exclusive jurisdiction:   A court of a State that has made a child support order consistently with this section has continuing, exclusive jurisdiction over the order if the State is the child’s State or the residence of any contestant unless the court of another State, acting in accordance with subsection (e), has made a modification of the order.

28 U.S.C. 1738B(d).
  The Act was passed by Congress because some states were refusing to give full faith and credit to other states’ orders concerning child support.  
E.g.
, 
In re Marriage of Carrier
, 576 N.W.2d 97, 98 (Iowa 1998).

[¶12] We have repeatedly recognized a district court in North Dakota has continuing jurisdiction to modify child support orders.  
E.g.
, 
Steffes v. Steffes
, 1997 ND 49, ¶ 14, 560 N.W.2d 888.  
See
 N.D.C.C. § 14-05-24.

“[A] divorce court has continuing jurisdiction over its decrees for alimony, separate maintenance, and custody and support of children.  An application for modification or enforcement of such decree is a supplementary proceeding incidental to the original suit.  It is not an independent proceeding or the commencement of a new action.”

Fuson v. Schaible
, 494 N.W.2d 593, 596 (N.D. 1992) (quoting 
Hershey v. Hershey
, 467 N.W.2d 484, 486 (S.D. 1991) (citing 
Eggers v. Eggers
, 153 N.W.2d 187, 189 (S.D. 1967))).  
In 
Carrier
, 576 N.W.2d at 99, the Iowa Supreme Court reversed and remanded a trial court judgment where the court had exercised its jurisdiction.  Applying the Act, the Iowa Court held there was no jurisdiction because the original decree had been granted in Colorado and one parent still lived there.  
Id.
 at 98-99.  The Court said, under “§ 1738B(e)(2)(A), Colorado has exclusive continuing jurisdiction” and the Iowa district court did not have power to modify the Colorado decree.  
Id.
 at 99.

[¶13] Shauna Sather still lives in North Dakota, and no other state has exercised jurisdiction or modified the child support order.  Under subsection (d) of the Act, North Dakota retained exclusive continuing jurisdiction over the child support order.  Because North Dakota retained jurisdiction over Cleaver, the service of process under Rule 5 was valid.
(footnote: 0)
[¶14] In 
Hall v. Hall
, 524 So.2d 370, 371 (Ala. Ct. App. 1988), the parents had been divorced in Alabama and the father had moved to Florida.  The Alabama court exercised its continuing jurisdiction over Hall to modify his child support obligation, and concluded regular mail was proper notice.  The analysis of the Alabama appellate court is persuasive:

Jurisdiction as to the modification proceedings need not be reasserted under Rule 4 of the Alabama Rules of Civil Procedure.  Providing notice of the modification proceedings to the appropriate party by even ordinary mail is adequate.  Since in personam jurisdiction over the husband existed in the original divorce action, it carried over to the present modification proceedings but the notice to the husband of those proceedings had to satisfy procedural due process.  Here, the husband received a copy of the wife’s modification petition by certified mail, although ordinary mail under Rule 5 would have been adequate . . . .”

Hall
, 524 So.2d at 371 (internal citations omitted).

[¶15] Cleaver, however, argues 
Thomas v. Thomas
, 382 N.W.2d 639, 642 (N.D. 1986), requires N.D.R.Civ.P. 4 service.  In 
Thomas
, this Court said:

Although the district court retains continuing jurisdiction to modify support or custody provisions after entry of the divorce judgment, 
see
 Sections 14-05-22 and 14-05-24, N.D.C.C., it can hardly be said that a motion to modify brought several years after entry of judgment is “part of an ongoing lawsuit.”  Rather, a motion to modify brought after the time period for appeal from the original judgment has expired is akin to a new proceeding.  
McClelland v. Pierce
, 376 N.W.2d 217, 219 (Minn. 1985).

382 N.W.2d at 642.

[¶16] This case is distinguishable from 
Thomas
.  In 
Thomas
, the issue was whether it was proper to serve a motion to amend on the party, rather than upon the attorney who represented the party in the initial divorce, when it appeared the attorney in the original proceeding was no longer representing the party.  
Id.
 at 640.  A motion was made to modify the initial judgment and increase child support payments to include payments on arrearages owed by Merlyn Thomas.  
Id.
  He claimed his ex-wife’s motion to modify should have been served upon his attorney of record in the original divorce action in accordance with N.D.R.Civ.P. 5, rather than upon him personally.  
Id.
  Thomas claimed the court lacked jurisdiction over him because of the alleged faulty service.

[¶17] This Court upheld the district court’s dismissal of Merlyn Thomas’s claim, saying, “[w]e fail to see how service of the motion upon Merlyn personally, rather than upon his attorney, can divest the court of jurisdiction.”  
Thomas
, 382 N.W.2d at 640.  The Court acknowledged Rule 5 requires service be made on an attorney of a represented person, but because service of the motion to amend was made on Thomas more than six years after the final judgment, this Court felt it was “akin to a new proceeding.”  
Id.
 at 642.  Thus, service upon the attorney of record in the initial action, who apparently was no longer representing the party,  was not necessary, and personal service upon Thomas was valid.

[¶18] While the “akin to a new proceeding” language in 
Thomas
 may be confusing, it does not require service of process under Rule 4 in cases for modification of child support.  
See
 
Fuson
, 494 N.W.2d at 596 (citations omitted) (application for modification or enforcement of child support is an incidental, supplementary proceeding and not an independent or new action).  
Thomas
 makes clear it is consistent with 
Kinsella v. Kinsella
, 181 N.W.2d 764 (N.D. 1970), upholding the validity of N.D.R.Civ.P. 5 service in subsequent child support proceedings.  Furthermore, one of the main tenets of due process is notice and an opportunity to be heard.  The facts are indisputable—Cleaver received both notices from the child support unit and responded in kind.
(footnote: 2)
[¶19] North Dakota retained both personal and subject matter jurisdiction over the modification of any child support.  Service of process under N.D.R.Civ.P. 5 was valid and put Cleaver on notice.  The district court properly exercised jurisdiction over Cleaver to modify his support obligation, and service under N.D.R.Civ.P. 4 was not necessary.

III

[¶20] The judgment of the district court modifying child support is affirmed.

[¶21] Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Gerald W. VandeWalle, C.J.

Kapsner, Justice, concurring.

[¶22] I concur because the majority opinion convinces me the result is required under the current rules and our cases.  However, service under Rule 5 ought not to be sufficient.  In this case, almost seven years passed between the entry of a divorce judgment and the motion to amend the judgment.  The motion was served by ordinary mail, and the court has no documentation that it was received or when it was received.  I acknowledge that the majority opinion suggests that the Joint Procedure Committee should consider whether Rule 5 should be amended to require mailing to both the party and the party’s last known attorney to bring such a motion.  This would not solve the problem.  It is unrealistic to think that an attorney would have contact with a client several years after entry of judgment.  The point is to assure that a party has had notice.  It is a minimal burden to require service in a manner that assures receipt of the motion.  In this case, Cleaver had communicated with the child support unit.  However, the child support unit was not a party to the original divorce action and receipt of communication from the child support unit is not satisfactory to assure that the motion engaging the court’s jurisdiction was received.  I would urge that Rule 4 service should be required to bring motions to amend a judgment, at least where a substantial period of time has passed since entry of the judgment.

[¶23] Carol Ronning Kapsner

FOOTNOTES
0:     
The Joint Procedure Committee should consider whether N.D.R.Civ.P. 5 should be changed to require mailing to both the party and the party’s last known attorney when motions are made to change a child support obligation.

2:    
There is no dispute Cleaver had actual notice.  N.D.C.C. § 14-09-08.1 requires each party to a child support order to provide residential and mailing addresses to the state disbursement unit, and to immediately notify of any change of address; and requires, in a subsequent child support enforcement action, a diligent effort to ascertain the location of the party.