**Hassan ZOK, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, Appellee.**

No. A–7863.

Court of Appeals of Alaska.

Dec. 14, 2001.

Hassan Zok, pro se, Anchorage, for Appellant.

John E. McConnaughy III, Assistant Municipal Prosecutor, and William A. Greene, Municipal Attorney, Anchorage, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

STEWART, Judge.

In November 1999, the district court entered a default judgment against Hassan Zok for failing to respond to a traffic citation. Nearly a year after this judgment was entered, Zok filed a "Request and Order to Set Aside Judgment." He alleged in this request that he had not received notice of any hearing. The Municipality opposed, countering that Zok had never requested a hearing as provided in the traffic citation he received.

The Municipality also asserted that Zok had not carried his burden of showing that "good cause" existed for setting aside the judgment. Magistrate Ron Wielkopolski denied Zok's request, and Zok appeals. Because the record does not show that Zok was notified that a default judgment would be entered as required by District Court Criminal Rule 8(d)(5), we vacate the district court's order and remand for further proceedings.

## Facts and Proceedings

On August 4, 1999, Zok was issued a citation for careless driving. The citation provided for an optional court appearance: Zok could either pay the fine listed on the citation, or appear in court within five days to contest the ticket. He did neither, and the court entered a default judgment on November 17, 1999. On November 6, 2000, Zok moved to have the default judgment set aside.

Zok sought relief from the judgment under District Court Criminal Rule 8(i) for "lack of notice." On the form Zok used to request that the default judgment be set aside, he admitted he had failed to respond to the ticket. And in an affidavit attached to the form, Zok admitted that he had not paid the fine or contacted the court as instructed by the citation. But Zok also claimed that he had not received notice of any hearing.

As set out above, the Municipality opposed Zok's request, asserting both that he had not requested a hearing and that he had not shown that there was good cause for setting aside the judgment. Magistrate Wielkopolski denied Zok's request.

## Discussion

District Court Criminal Rule 8(d)(5) permits the district court to enter a judgment of conviction against a person who, like Zok, is charged with a minor offense and fails to respond within the required period.[1] However, this rule also provides that "[a]t least 15 days before judgment is entered, a notice advising the person of the consequences of a failure to respond must be sent to the person at the address on record with the Division of Motor Vehicles or the address shown on the citation." There is nothing in the record that shows that this notice was sent to Zok. Although the Municipality asserts that Zok waived this claim because he did not specifically cite Rule 8 in his argument below, looking at the pleadings in the light most favorable to Zok, and assuming his allegations to be true, his motion and his affidavit indicate that he sought to set aside the default judgment because he had not received notice under Rule 8(d)(5).

In this case, after judgment was entered, Zok sought relief under District Court Criminal Rule 8(i), which provides that "[u]pon a showing of good cause, the court may vacate or modify a judgment of conviction entered under (d)(5)." Although we have not previously decided in a published opinion what constitutes "good cause" to vacate a judgment under Rule 8, the general analysis of whether there is "good cause" to set aside a default judgment in the civil context includes three considerations: "1) whether the plaintiff will be prejudiced; 2) whether the defendant has a meritorious defense; and 3) whether culpable conduct of the defendant led to the default (whether he acted willfully or in bad faith)."[2] The moving party generally has to allege a meritorious defense,[3] and allege a "reason, such as

---

1. District Court Criminal Rule 8(a) provides that Rule 8 "is intended to provide for the just determination of [minor offenses] and to that effect shall be construed to secure simplicity and uniformity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."

2. *Hertz v. Berzanske,* 704 P.2d 767, 771 (Alaska 1985) *superseded by statute on other grounds as stated in McConkey v. Hart,* 930 P.2d 402, 407 n. 4 (Alaska 1996).

3. *See id.* at 771 n. 5 (". . . a default judgment will not be set aside, except in very unusual cases, unless the defendant has presented a meritorious defense.") (citing *Gregor v. Hodges,* 612 P.2d 1008, 1009–10 (Alaska 1980); *Balchen v. Balchen,* 566 P.2d 1324, 1328 n. 11 (Alaska 1977); *Markland v. Fairbanks,* 513 P.2d 658, 659–60 (Alaska 1973)); *cf. Disciplinary Matter Involving Beconovich,* 884 P.2d 1080, 1083 (Alaska 1994) ("respondent attorney must show a meritorious defense *and* excusable neglect to warrant relief from the operation of Bar Rule 22(a)," which provides that failure to answer grievance within prescribed time will be deemed an admission.).

excusable neglect, for not answering on time."[4]  We believe that these considerations are appropriate when determining whether "good cause" exists to vacate a default judgment under Rule 8.

■ However, under *Pew v. Foster*,[5] the requirement that the moving party show a meritorious defense does not apply when a due process violation is the basis for requesting relief from a default judgment.[6]  Looking at Zok's request in the light most favorable to him, and assuming that his allegations are true, the court did not mail Zok the notice that a default judgment would be entered if he did not respond to the traffic citation. Thus, Zok's request to set aside the judgment was based on a lack of notice, a due process violation.  Under *Pew*, this lack of notice would justify vacating or setting aside the default judgment.

In light of *Pew*, the district court should have conducted a hearing to resolve this contested issue—that is, whether the court sent Zok the notice that the court intended to enter default judgment under Rule 8(d)(5). If the trial court determines that the court did not send Zok notice of the court's intention to enter default judgment, then the default judgment should be set aside.

### Conclusion

The order of the district court denying Zok's request to set aside the judgment is VACATED and this case is REMANDED for proceedings consistent with this decision. We do not retain jurisdiction.

---

**4.** *Gregor,* 612 P.2d at 1009–10 (citing *Balchen,* 566 P.2d at 1328).

**5.** 660 P.2d 447 (Alaska 1983).

**6.** *See* 660 P.2d at 448–49.