STATE of Alaska, DEPARTMENT OF REVENUE, CHILD SUPPORT EN-FORCEMENT DIVISION, Appellant,

v.

Kevin Lyn DILLON, Appellee.

No. S–8047.

Supreme Court of Alaska.

May 28, 1999.

Terisia K. Chleborad, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellant.

Allan D. Beiswenger, Robinson, Beiswenger & Ehrhardt, Soldotna, for Appellee.

Before: MATTHEWS, Chief Justice, COMPTON, EASTAUGH, FABE, and BRYNER, Justices.

## OPINION

PER CURIAM.

### I. INTRODUCTION

The Child Support Enforcement Division (CSED) appeals a superior court order modifying Kevin L. Dillon's monthly child support payments. CSED contends that the court should have made its order effective as of the time Dillon received CSED's Notice of Petition for Modification. We agree. Under Alaska Civil Rule 90.3(h)(2), a revised child support order presumptively relates back to notice of a petition for modification. Absent good cause for a later effective date, this presumptive date must govern Dillon's case.

### II. FACTS AND PROCEEDINGS

Kevin Dillon and Tonya Pugh (then Ross) had a child together, Mikayla Dillon, on February 28, 1992. In June 1993, the superior court awarded Pugh primary physical custody of Mikayla and ordered Dillon to pay $167 per month in child support. Three years later, in May 1996, Pugh evidently sought CSED's help in modifying the support award. On May 9, 1996, CSED sent Dillon a "Notice of Petition for Modification of Judicial Support Order." Dillon acknowledges that he received the notice that same month, even though CSED mailed it to an address that was no longer current.[1]

In July 1996, relying on information it obtained from the Department of Labor, CSED calculated Dillon's support obligation

1. Dillon's affidavit actually states that he received CSED's notice in May 1995, but his refer-ence to 1995 is obviously mistaken, since it is undisputed that CSED mailed the notice in 1996.

at $506 per month. On July 3 CSED mailed Dillon and Pugh a proposed consent order reflecting the increased support. On July 15 Dillon informed CSED of his new address and complained that its calculations were inaccurate. On three other occasions, he called and asked to speak to the CSED representative handling his case, but his calls were never returned.

On August 9, 1996, CSED mailed Dillon a copy of a newly-filed motion, signed by Pugh, formally requesting the court to modify the support award to reflect CSED's new figure. Dillon evidently did not receive his copy of this motion. On August 29, 1996, the court entered an order increasing Dillon's child support obligation to $506 per month, beginning June 1, 1996.

In December 1996 Dillon moved for relief from judgment, stating that he had only learned of the court's August 29 order through his October Account Statement, and claiming that the new obligation was incorrect. He submitted information showing that his new monthly payment should have been $482.94. The court granted Dillon's motion and adopted his proposed order on January 28, 1997, making it effective as of January 1, 1997.

CSED moved for reconsideration, arguing that, under Rule 90.3(h)(2), the court should have made its order effective on June 1, 1996—the first day of the month after Dillon received CSED's May 7, 1996, Notice of Petition for Modification. The court denied reconsideration, noting that it had chosen January 1, 1997, as the effective date because, despite making efforts to notify CSED of his new address, Dillon had not received Pugh's August 9, 1996, motion for modification.

## III. *DISCUSSION*

CSED argues that the superior court erred in establishing January 1, 1997, as the effective date for Dillon's modified child support obligation. CSED asserts that, under Rule 90.3(h)(2), the new child support order should have been effective seven months earlier—on June 1, 1996.

Rule 90.3(h)(2) prohibits retroactive modification of child support awards, but provides that a modification is not considered retroactive if made effective "on or after the date that a motion for modification, *or a notice of petition for modification by the Child Support Enforcement Division,* is served on the opposing party. . . ." [2]

Recently, in *Boone v. Boone,*[3] a case involving a motion for modification that substantially predated a modified child support award,[4] we concluded that, absent an express finding of good cause to the contrary, this rule required the trial court to make its modification order effective as of the date the motion for modification was filed.[5] We explained our decision as follows:

The rule's text does not express a preference or presumption that a modification become effective on the motion service date, and does not prevent the superior court from exercising its discretion and selecting a later effective date. But we are nonetheless persuaded that the motion service date should be the preferred effective date, and that the superior court should exercise its discretion in selecting a different effective date only if it finds good cause for doing so. One reason for our preference of the motion service date as the effective date of a modified child support order is that child support reflects the child's current needs. Another is that child support is both based on and paid out of the obligor's current income. Ideally, a claim of changed circumstances would be immediately resolved to permit immediate relief to the movant. Delays in resolving such disputes should not disadvantage parties entitled to relief. The rule commentary, noting the prohibition on retroactive modification, urges prompt applications: "Thus, either the custodial or the obligor parent should promptly apply for a modification of child support when a material

---

**2.** Alaska R. Civ. P. 90.3(h)(2) (emphasis added).

**3.** 960 P.2d 579 (Alaska 1998).

**4.** *See id.* at 581–82.

**5.** *See id.* at 585.

change in circumstances occurs." Alaska R. Civ. P. 90.3 cmt. X.

. . . .

Further, service of the motion gives the opposing party both fair warning that support may change and an opportunity to reassess, even before the court rules, the correct amount of support. This gives an opportunity to adjust consumption patterns in anticipation of modification, and thus minimize prejudice when relief is granted effective as of the service date.

This preference does not prevent the superior court from exercising its discretion to select a later effective date if it finds good cause for doing so. But unbounded discretion to choose a later effective date could sabotage the efficacy of Rule 90.3.[6]

█ The modification order at issue in *Boone* had been initiated by motion rather than by a CSED notice of petition for modification.[7] Accordingly, we decided only whether Rule 90.3(h)(2) permits the effective date of a modification order to relate back to the time of service of a motion for modification;[8] we did not discuss the rule's application in cases where a modification order is initiated by a petition for modification. But we see no reason why *Boone*'s analysis should not be extended to require courts in such cases to make modifications effective upon service of CSED's notice, absent a finding of good cause to the contrary.

The rule itself draws no distinction between motions for modification and CSED notices of petitions for modification. And our reasoning in *Boone*, though dealing with an order initiated by motion, applies with equal force to a case like Dillon's, where the order grew out of a CSED petition. In both situations, allowing modified child support orders to take effect upon receipt of the initial notice adequately protects noncustodial parents against prejudice, while both increasing the likelihood that their payments will accurately reflect their ability to pay and

depriving them of incentives to engage in tactical delay.[9]

Here, the court made its January 28, 1997, order modifying Dillon's support obligation effective as of the month of the order's issuance. The court did not find good cause or otherwise explain its decision not to extend the effective date back to June 1996—the month immediately following Dillon's receipt of CSED's notice of Pugh's petition for modification.

Later, in response to CSED's motion for reconsideration, the court gave two reasons for making its order effective upon issuance. It explained that "[t]he [effective] date established by the Court was based on the fact that defendant did not receive the *motion* as opposed to the notice [and] the fact that defendant attempted to contact CSED with a new address."

█ But neither of these reasons amounts to good cause for failing to apply Rule 90.3(h)(2)'s preferred effective date. That Dillon remained unaware for several months of Pugh's formal motion for modification does nothing to negate that CSED, by giving him notice of Pugh's petition for modification, had already alerted him that his original support obligation was being questioned. Likewise, since Dillon ultimately was able to establish the correct amount for his modified support obligation, he suffered no actual prejudice from CSED's regrettable failure to respond to his earlier contacts.

We thus conclude that, in the absence of good cause, the court abused its discretion in failing to make its order of modification effective as of June 1, 1996.

## IV. *CONCLUSION*

For these reasons, we REMAND this case for amendment of the January 29, 1997, Order for Modification of Child Support to provide for an effective date of June 1, 1996.

---

6. *Id.* at 585–86 (footnote omitted).

7. *See id.* at 581.

8. *See id.* at 585.

9. *See id.* at 585–86.