993 P.2d 405 (1999)
STATE of Alaska, DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT DIVISION, ex rel., Karen A. HUSA, Appellant,
v.
David L. SCHOFIELD, Appellee.
No. S-8370.
Supreme Court of Alaska.
December 3, 1999.
Daniel L. Brewster, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellant.
Patrick J. Blackburn, Law Offices of Patrick J. Blackburn, Anchorage, for Appellee.
Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

*406 OPINION

PER CURIAM.

I. INTRODUCTION

The Alaska Child Support Enforcement Division (CSED) appeals an order by the superior court reducing some of David Schofield's child support arrears to judgment. The superior court concluded that David and CSED had reached an agreement for David to pay a lower amount of monthly child support and accordingly reduced his arrearage. Because the superior court's judgment was a retroactive modification of child support obligations prohibited by Alaska Civil Rule 90.3(h)(2), we reverse.

II. FACTS AND PROCEEDINGS

David L. Schofield and Karen A. Schofield (now Karen Husa) were married in 1968 and have two children. The couple divorced in 1978, and Karen eventually was awarded custody of the children. CSED calculated David's child support obligation as $520.45 per month under Alaska Civil Rule 90.3, and on September 30, 1988, the trial court ordered that David pay this amount.
In June 1991 CSED informed David of his right to request a review of the amount of his child support obligation. CSED sent him a form to complete in order to initiate the review process. David apparently indicated to CSED that he wished such a review,[1] and the agency accordingly requested tax and other financial information from both David and Karen. Based on this information, CSED recalculated David's child support responsibilities under Rule 90.3 as being $286.00 per month.
CSED then notified both parents of the new $286.00 figure as well as the calculation method used to obtain it, and sent David a proposed consent order that the agency could file with the court. Along with the order, CSED sent David a letter explaining the procedure for modification of court-ordered child support obligations:
Please review the order, sign it before a notary, and return it to CSED.... CSED will then send the order to the other party for signature. After both parties sign the order, CSED will send it to the court for approval. The court will mail you a copy of the signed order and CSED will make the necessary adjustments to your case.
CSED also sent a copy of the proposed consent order to Karen, explaining that "[i]f the other party does not sign the consent order, the existing support order will not be modified unless a motion is filed with the court."
David was dissatisfied with the order, but he signed it "under protest" and returned it to CSED.[2] Karen, however, did not sign the order. As a result, CSED notified David that his remaining option was to file a motion with the court to achieve the modification of his child support obligation. CSED enclosed a copy of the motion for his signature but David never returned it to CSED. Two months later CSED sent David another copy of the motion; again, he did not return it. David claimed that either he never received these papers or he lost them. Because it did not receive the signed motions, CSED notified David in May 1992 that it had denied his request for modification of his support award because "[n]either party has returned necessary documentation to continue with the modification procedure." Despite this notification, David began making his child support payments in the amount of $286.00. No motion for modification was ever filed.
CSED reduced David's monthly payments to $385.52 in 1992 because his oldest child had reached the age of majority.[3] This figure *407 was calculated under Rule 90.3,[4] but did not take into account the more recent tax information that CSED had used to calculate the $286.00 figure.
Due to his long-standing history of non-payment and under-payment of child support, David accumulated substantial arrears. In June 1997 CSED filed a motion to reduce $6,113.65 in arrears to judgment under AS 25.27.226. David opposed the motion, claiming that he only owed $286.00 per month rather than $385.52 and that the arrearage amount requested by CSED was too high. He explained to the superior court his belief that CSED erroneously overcharged him and that CSED failed to cooperate with him during numerous attempts to resolve the discrepancy between the two figures.
The superior court held a hearing on the motion to reduce arrears to judgment on July 23, 1997. The court expressed concern that to reduce David's child support arrears by recalculating his obligations using the $286.00 figure might be a prohibited retroactive modification.[5] Ultimately, however, it invoked its equitable powers to reduce the judgment against David because "it was not unreasonable to think that the reduction [to $286.00] should have been granted, that the... administrative error in not granting it, getting it achieved, ought not to be a penalty to Mr. Schofield." The court found that "the parties intended that the monthly support obligation from and after January of 1992, until the last child's emancipation [in] August of 1993, was in the amount of $286.00 and that was the actual amount of monthly support arrearages, plus interest and deducting payments made...." Based upon this finding, the superior court issued a judgment against David for $2,466.64. CSED appeals.

III. STANDARD OF REVIEW

We apply de novo review when interpreting statutes and rules, adopting the rule of law most persuasive in light of precedent, reason, and policy.[6] But we generally will not disturb a trial court's decision on a motion to modify a child support award unless the trial court abused its discretion.[7] We will set aside a lower court's factual findings only when they are clearly erroneous.[8] Findings are clearly erroneous when, "after reviewing the record as a whole, this court is left with a definite and firm conviction that a mistake has been made."[9]

IV. DISCUSSION

A. The Superior Court's Decision Was a Retroactive Modification of Mr. Schofield's Child Support Obligation.

CSED argues that because it never filed or served motion papers in the case, the superior court did not have the authority to modify Mr. Schofield's child support obligation effective January 1992.[10] We agree with CSED that the superior court's decision was a retroactive modification.
Both federal and Alaska law prohibit, with few exceptions, retroactive modification of child support obligations, whether the change is an increase or a decrease in the parent's *408 obligation.[11] At times pertinent to this appeal, former Rule 90.3(h)(2) stated that "[c]hild support arrearage may not be modified retroactively. A modification which is effective on or after the date that a motion for modification is served on the opposing party is not considered a retroactive modification."[12]
David argues that since he and CSED agreed that the proper figure was $286.00 per month, the court's finding in accord with that agreement was not a retroactive modification. To be sure, CSED does not dispute that $286.00 was the correct figure for David's monthly child support payment. But Rule 90.3 requires more than a proposed agreement as to the correct calculation of a parent's child support payment; instead, the rule provides a process that parents must follow in order to modify their statutory obligations. Because David neither signed a motion for modification nor served one on Karen, the trial court's modification of his obligation was prohibited by the terms of Rule 90.3.
If the procedural requirements of Rule 90.3 did nothing more than ensure all parties of adequate notice of changes in child support payments, one could argue that the superior court properly invoked its equitable powers to set the date of modification to January 1992 given that CSED informed both parties of the $286.00 figure well before the change was to take effect. But the commentary to the rule explains that the rule is designed to "make more predictable the process of determining child support, both for the courts and the parties,"[13] not merely to require notice of proposed changes. Here, CSED informed Karen that David's child support would not be modified unless both parties signed a consent order or a motion for modification was filed with the court. Thus, allowing the court to alter David's obligation absent the filing of a motion for modification would undermine Rule 90.3's stated goal of ensuring predictability in determining the amount of child support to be paid.
Moreover, we have required parties to conform strictly to the rule's procedural requirements. In Boone v. Gipson,[14] we explained that a motion for modification was the only pleading that would satisfy the procedural requirements of former Rule 90.3:
The first part of former Civil Rule 90.3(h)(2) states a general prohibition on modifying child support payments retroactively. The second half of the rule provides for an exception to this general prohibition. Given the general prohibition, we think that the exception should be construed narrowly. Since the exception in the second half of the rule only refers to motions for modification, and contains no indication that "functional equivalents" of motions for modification also suffice, we conclude that nothing short of a motion or petition for modification satisfies the requirement of the former rule.[15]
Here, the parties neither signed nor served on the court any motion or petition for modification. Gipson thus compels our conclusion that the superior court's modification was retroactive.
David's positionthat the modification is not retroactive because an agreement existed between himself and CSEDcould also be interpreted as an argument that we should treat some portion of the papers exchanged between CSED and David as a motion for *409 modification for purposes of determining the date of retroactivity. But this argument is also foreclosed by Gipson, in which we specifically rejected the idea that documents not mentioned in the text of the rule can be the "functional equivalent" of a motion or petition to modify.[16]
Because neither CSED nor David filed or served a motion for modification, their agreement to the proper amount of monthly support simply does not meet the requirements of Rule 90.3. The superior court's decision to modify David's obligation was thus an abuse of discretion.

B. The Superior Court's Finding That the Parties Agreed to a $286.00 Per Month Child Support Obligation Is Clearly Erroneous.

The superior court made the factual finding that "the parties intended that the monthly support obligation from and after January of 1992, until the last child's emancipation [in] August of 1993, was in the amount of $286.00" and therefore concluded that "[$286.00] was the actual amount of monthly support arrearages, plus interest and deducting payments made...." After examining the record, we believe that this finding is clearly erroneous.
The superior court's finding ignores the fact that CSED clearly did not intend for David's support obligation to change before the parties complied with Rule 90.3's mandatory procedures. The agency informed Karen that it would make no changes in David's child support obligation until both parents signed the consent order or a motion for modification was filed with the court. Neither of those things happened. Accordingly, the record does not support the finding that CSED or the parties agreed that David's support obligation should change effective January 1992.
Nor did David have grounds for a reasonable belief that his child support obligations could be modified without the existence of a motion for modification. He received notices from CSED explaining the consent order and motions process. Even if David initially believed that his child support obligation had been reduced when he signed the consent order, he subsequently received mailings from CSED making clear that he had not completed the necessary steps to modify his obligation. CSED sent David two copies of the motion for modification. When he did not return them, the agency notified David that it had halted the modification process because of insufficient paperwork from the parties. These documents should have alerted David that his child support obligation would not be lowered unless he took the proper steps to file a motion to modify.
Since the record does not support the finding that either CSED or David expected that David's child support obligation would be modified in the absence of a motion to modify, the trial court's factual finding was clearly erroneous.

V. CONCLUSION

Because the superior court retroactively modified David's child support obligation, we REVERSE and REMAND to the superior court for entry of judgment against David for the entire amount of his arrears.
NOTES
[1] David's response to the CSED form is not in the record. But since CSED continued with the review process, presumably he indicated to it that he wished the agency to do so.
[2] It is not clear from the record exactly why David was dissatisfied with the proposed order; above his signature he complained that "[t]he order is inaccurate" but did not explain why he believed this to be the case.
[3] The oldest child turned 18 in May 1991. But because of confusion over whether the support order was a per-child order or not, as well as some procedural delays, CSED did not reduce the support amount until December 1992. Neither party has raised claims related to this delay on appeal.
[4] Rule 90.3 contains guidelines for calculation of child support awards. Under its formulae, the non-custodial parent must pay 27% of his income if he is supporting two minor children, and 20% of his income to support one child. See Civ. R. 90.3(a)(2).
[5] Alaska and federal law both prohibit, with few exceptions, retroactive modification of child support payments. See 42 U.S.C. § 666(a)(9); Alaska R. Civ. P. 90.3(h)(2); Boone v. Gipson, 920 P.2d 746, 749-51 (Alaska 1996).
[6] See Gipson, 920 P.2d at 748 (citing M.R.S. v. State, 897 P.2d 63, 66 (Alaska 1995)).
[7] See Monette v. Hoff, 958 P.2d 434, 436 (Alaska 1998).
[8] See Dodson v. Dodson, 955 P.2d 902, 905 (Alaska 1998).
[9] Marine v. Marine, 957 P.2d 314, 316 (Alaska 1998) (citation and internal quotation marks omitted).
[10] CSED also argues that the superior court should not have held a hearing on CSED's motion to reduce David's arrears to judgment because David did not file an affidavit conforming to AS 25.27.226. Instead, David filed an opposition to CSED's motion. But CSED did not make this argument below nor include it in its statement of points on appeal, and accordingly the agency has waived it. See State Farm Ins. Co. v. American Mfrs. Mut. Ins. Co., 843 P.2d 1210, 1214 (Alaska 1992).
[11] See 42 U.S.C. § 666(a)(9); Alaska R. Civ. P. 90.3(h)(2); Yerrington v. Yerrington, 933 P.2d 555, 558 (Alaska 1997); Gipson, 920 P.2d at 749-51.
[12] Rule 90.3 was amended several times between 1995 and 1998. Subsection (h)(2) now reads:

Child support arrearage may not be modified retroactively, except as allowed by AS 25.27.166(d) [relating to paternity actions]. A modification which is effective on or after the date that a motion for modification, or a notice of petition for modification by the Child Support Enforcement Division, is served on the opposing party is not considered a retroactive modification.
(Emphasis added.) This court applies the version of the rule in effect when the case was before the superior court. See Gipson, 920 P.2d at 749-50.
[13] Alaska R. Civ. P. 90.3 cmt. I(B).
[14] 920 P.2d 746 (Alaska 1996).
[15] Id. at 751 (emphasis added).
[16] Id.