Kelly Todd CRUMPLER, Appellant,

v.

STATE of Alaska, DEPARTMENT OF
REVENUE, Child Support Enforcement
Division ex rel. Rebecca C. Armstrong,
Appellee.

No. S–11428.

Supreme Court of Alaska.

July 22, 2005.

D. Scott Dattan, Law Office of D. Scott Dattan, Anchorage, for Appellant.

D. Kevin Williams, Assistant Attorney General, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for Appellee.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

PER CURIAM.

## I. INTRODUCTION

The Child Support Enforcement Division (CSED) sought modification of a father's child support obligation. The superior court ordered modification retroactive to the date the father was served with notice of CSED's petition for modification. Contending that he never received CSED's notice, the father appeals the superior court's decision. Because the father failed to establish good cause for deviating from the rule that modification relates back to the date of the notice, and because the superior court made explicit findings that the father actually did receive notice, we affirm the decision of the superior court.

## II. FACTS AND PROCEEDINGS

Kelly Todd Crumpler married Rebecca Armstrong in Wyoming in 1984. They have two children, Kelly Todd Crumpler II, born September 24, 1984, and Jennifer Beth Crumpler, born January 22, 1988. Crumpler and Armstrong divorced in Wyoming in 1989. The parties stipulated that Crumpler would pay $50 a month of child support while he was attending college but that child support would increase to $100 a month after he left college. This stipulation was incorporated in the Wyoming divorce decree; both of these documents were registered with the Alaska superior court on September 3, 2003.

At some point the parties moved from Wyoming: Crumpler settled in Alaska while Armstrong ultimately moved to North Carolina. In October 2002 North Carolina's child support enforcement division requested Alaska's assistance in modifying and enforcing the original Wyoming enforcement order. North Carolina's request listed Crumpler's address as 330 Old Steese Hwy # 721, Fairbanks, AK 99701. According to the request, this address was last confirmed on March 22, 2002. On December 3, 2002, CSED mailed a notice of petition for modification to Crumpler's Fairbanks address. On January 15, 2003, CSED mailed a notice of adjustment to the Fairbanks address totaling Crumpler's arrears at $24,606.87. Crumpler maintains that he never received either notice. He contends that he moved to Anchorage at the end of 2001 and began a new job in January 2002. CSED's records indicate that neither notice was returned as undeliverable by the postal service.

The record demonstrates that additional communication between CSED, Crumpler, and the superior court occurred on: (1) July 21, 2003, when Crumpler called CSED to inquire about an arrears statement he received; (2) August 7, 2003, when a withholding notice was sent by CSED to Crumpler; (3) August 19, 2003, when Crumpler's attorney called CSED to discuss the arrears amount; (4) September 10, 2003, when the superior court clerk notified Crumpler that the Wyoming child support order was registered with the Alaska superior court; and (5) September 16, 2003, when Crumpler called CSED to obtain a status report.

On September 26, 2003, CSED learned through Crumpler's employer that his mailing address had changed to an Eagle River address. During this time period, Crumpler's copy of the petition to register the Wyoming child support order was returned as undeliverable. A second copy was mailed to Crumpler's new Eagle River address on September 29, 2003. On October 6, 2003, CSED, through the Attorney General's Office, filed a motion to modify the Wyoming child support order to $723 per month in accordance with Alaska Civil Rule 90.3, effective January 1, 2003. An evidentiary hearing on the motion to modify child support was held on January 14, 2004. Crumpler admitted at the hearing that he had not paid child

support since July 1997, despite his knowledge of his obligation to pay $200 per month. Superior Court Judge Sharon L. Gleason issued oral findings at the time of the hearing, determining that CSED "established by a preponderance of the evidence that notice was sent to Mr. Crumpler on December 3, 2002." The superior court concluded that there was no evidence that the notice was returned by the postal service and that there was no statutory requirement that the notice be sent by certified mail.

Crumpler filed a motion for reconsideration on January 21, 2004, asserting that service of the notice was not actually achieved until after the hearing on January 15, 2004. Crumpler also contended that he was living in Anchorage at the time the notice was mailed to Fairbanks. Judge Gleason denied Crumpler's motion for reconsideration on March 4, 2004, finding that "Crumpler did not present to the court as a credible witness with respect to the issues in dispute, including whether he had received the December 2002 notice." The superior court took judicial notice that a person can receive forwarded mail for up to one year after leaving an earlier address and also recognized that under the original divorce decree filed in Wyoming, Crumpler had "an affirmative obligation to keep that court, and thereby Ms. Crumpler, apprised of his whereabouts." The trial court also noted that "Mr. Crumpler does not dispute that he failed to comply with this provision and failed to pay child support for 6½ years." The superior court recalculated Crumpler's child support obligation based on new financial information and ordered him to pay $611 per month, effective January 1, 2003. This appeal follows.

## III. DISCUSSION

 "Both federal and Alaska law prohibit, with few exceptions, retroactive modification of child support obligations, whether the change is an increase or a decrease in the parent's obligation."[1] Alaska Civil Rule 90.3(h), however, provides that "[a] modification which is effective on or after the date that a . . . notice of petition for modification . . . is served on the opposing party is not considered a retroactive modification."[2] Crumpler maintains that modification is only appropriate from the date he received the notice, which he argues was not until the hearing on modification took place: January 14, 2004. He alleges that the trial court erred in establishing January 1, 2003 as the effective date for modification because he had no notice of CSED's intent to modify child support. Crumpler complains that to modify his child support obligation retroactively without adequate service or actual notice violates his right to procedural due process. We examine each of these arguments in turn.

### A. Standards of Review

 "We review a trial court's decision on a motion to modify child support for an abuse of discretion."[3] In the event this review calls for statutory interpretation, we use a de novo standard and adopt the rule of law most consistent with precedent, reason, and policy.[4]

### B. The Superior Court Did Not Err in Determining that There Was Adequate Notice for Modification of Child Support.

 Crumpler argues that he did not receive the notice of petition for modification that was mailed by CSED on December 3, 2002 and claims that the superior court abused its discretion in calculating his child support arrearage as of that date. In *Boone v. Boone*, we held that absent an express finding of good cause, Civil Rule 90.3(h) requires a trial court to make its modification order effective as of the filing date of the

---

1. *State, Dep't of Revenue, Child Support Enforcement Div. ex rel. Husa v. Schofield*, 993 P.2d 405, 407–08 (Alaska 1999); *see also* 42 U.S.C. § 666(a)(9) (2000); Alaska Civil Rule 90.3(h)(2).

2. Alaska Civil Rule 90.3(h)(2); *see also Rowen v. Rowen*, 963 P.2d 249, 256 & n. 5 (Alaska 1998).

3. *Monette v. Hoff*, 958 P.2d 434, 436 (Alaska 1998).

4. *Boone v. Gipson*, 920 P.2d 746, 748 (Alaska 1996).

motion for modification.[5] In *State v. Dillon*, we extended our previous holding in *Boone v. Boone* to include notice of petitions for modification as well as motions for modification.[6] We explained that "absent an express finding of good cause to the contrary," a modification should be deemed effective on the date of CSED's notice.[7] "[T]he motion service date should be the preferred effective date, and ... the superior court should exercise its discretion in selecting a different effective date only if it finds good cause for doing so." [8]

The superior court made a number of findings in its motion for reconsideration that demonstrate it considered and rejected Crumpler's attempts to show good cause. The superior court did not find Crumpler's testimony to be credible, and it also looked to Crumpler's phone call to CSED in July 2003 as additional evidence that Crumpler received the December 2002 notice. The superior court considered Crumpler's evidence that he moved from Fairbanks to Anchorage and began work at the Alaska Native Medical Center on January 14, 2002, but noted that "an individual can receive forwarded mail from a former address for up to one year." Moreover, it recognized that the notice was never returned to CSED, whereas later documents sent by CSED to Fairbanks in September 2003 were returned. There is no evidence in the record to support Crumpler's assertion that he did not establish mail forwarding after moving from Fairbanks. Nor is there any testimony to demonstrate that other mail he should have received fol-

lowing his move to Anchorage was not received. We therefore conclude that it was not an abuse of discretion for the superior court to decide there was no good cause to deviate from the *Dillon* rule. The superior court's finding "on a more likely than not basis" that "Mr. Crumpler did receive actual notice of the December 2002 CSED notice at that time" was not clear error.

■ Under Alaska Civil Rule 5,[9] service is accomplished "by mailing it to the attorney's or party's last known address." [10] "Mailing of a copy means mailing it by first class United States mail. Service by mail is complete upon mailing." [11] Crumpler argues that service should have been conducted pursuant to Civil Rule 4(c), which requires direct personal service by a peace officer.[12] Crumpler argues that CSED's notice asserted a new claim for relief, and hence, falls outside of Civil Rule 5(a). But AS 25.27.265(a) makes clear that service of a notice may be done under Civil Rule 5.[13] Moreover, we held in *Balchen v. Balchen* that "the formal complaint-summons service requirements of Civil Rule 4 are inappropriate in proceedings which seek to enforce the terms of a prior divorce decree relating to child support payments." [14] Because divorce decrees may be modified at any time, we concluded that "Civil Rule 5(b) provides the appropriate procedure to be followed in such cases." [15]

■ The requirements of service under Civil Rule 5 were met in this case. There is no dispute that Crumpler used to live at the Fairbanks address where CSED sent its no-

**5.** *Boone v. Boone*, 960 P.2d 579, 585 (Alaska 1998).

**6.** *State, Dep't of Revenue, Child Support Enforcement Div. v. Dillon*, 977 P.2d 118, 120 (Alaska 1999).

**7.** *Id.* at 119–20.

**8.** *Id.* at 119.

**9.** Alaska Civil Rule 5(a) explains that "every pleading subsequent to the original complaint ... every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties...."

**10.** Alaska Civil Rule 5(b).

**11.** *Id.*

**12.** Alaska Civil Rule 4(c)(1).

**13.** AS 25.27.265(a) states that "[e]xcept as otherwise provided under this chapter, when a notice, paper, or other document is required by this chapter to be given or served upon a person by the agency, the notice, paper, or other document may be served as required by Rule 5, Alaska Rules of Civil Procedure or any other method permitted by law."

**14.** 566 P.2d 1324, 1327 (Alaska 1977).

**15.** *Id.*

tice. A certificate of mailing was signed by CSED on the December 2002 notice and is sufficient proof to satisfy the requirements of Civil Rule 5(f).[16] Two affidavits were submitted by CSED verifying that the notice was mailed by first-class mail to the most current mailing address in the CSED system.

■ Furthermore, as the superior court noted, Crumpler had an affirmative obligation to keep the court apprised of his whereabouts. This obligation arose both from the Wyoming divorce decree, which required the parties to alert the court within fifteen days of any change in address, and from AS 25.27.265, which requires parties to child support proceedings to "immediately notify" CSED if a change in address occurs.[17] Despite his contention that he began working in Anchorage in January 2002, Crumpler did not contact CSED to update his mailing address until December 9, 2003. We conclude that it was both reasonable and appropriate for CSED to serve Crumpler in Fairbanks via mail, as permitted under Civil Rule 5, especially since the Fairbanks address was Crumpler's "last known address."[18]

## IV. CONCLUSION

Because the record supports the superior court's findings, we AFFIRM the superior court's modification of child support.

---

**16.** Alaska Civil Rule 5(f) states that proof of service "must state the name of each person who has been served, must show the day and manner of service," and may be by certificate of an attorney, authorized agent, or any other proof satisfactory to the court.

**17.** *See* AS 25.27.265(b).

**18.** Crumpler also argues that modification of child support without actual notice "violates

both Article I, Section 7 of the Constitution of Alaska and the 14th Amendment of the Constitution of the United States." But in this instance, although Crumpler argued that he did not receive notice, the superior court did not believe his testimony. It made an express finding that "on a more likely than not basis, Mr. Crumpler did receive actual notice." We therefore conclude that Crumpler's procedural due process rights were not violated.