STATE of Alaska, DEPARTMENT OF REVENUE, CHILD SUPPORT SERVICES DIVISION, Appellant,

v.

John G. WISE and Cynthia Wolf, Appellees.

No. S–11656.

Supreme Court of Alaska.

Oct. 14, 2005.

Anne E. Bandle, Assistant Attorney General, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for Appellant.

John G. Wise, pro se, Anchorage, Appellee.

No appearance by Appellee Wolf.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

PER CURIAM.

## I. INTRODUCTION

Cynthia Wolf asked the Child Support Services Division to modify John Wise's child support for their son, Cory. The division sent both parents a notice of petition for modification of child support and, after examination of Wise's finances, moved the superior court to increase Wise's child support. After a hearing, the superior court modified the child support order, making the new order effective from the date the division filed its motion to modify, rather than from the date that it served the parents the notice of petition. The only reason given for this was the length of the division's administrative review. The division appeals. Because an administrative delay of nine months is not a sufficient reason to diverge from the presumptive effective date for the modification of a child support order, we reverse.

## II. FACTS AND PROCEEDINGS

John Wise and Cynthia Wolf are the parents of Cory, born August 3, 1986. In 1992 the superior court ordered Wise to make child support payments of $130 per month. In October 2002 Wolf asked the Child Support Services Division for a modification of the order and the division sent Wise and Wolf a Notice of Petition for Modification of Judicial Support Order on November 1, 2002. That notice requested information about the parties' incomes.

After Wise responded to this initial request, the division sought further information on two subsequent occasions—April 2, 2003 and June 4, 2003. Wise provided the requested information and documentation. Although the Master subsequently found that

Wise had cooperated with the investigation, the review of his file took nine months and it was not until August 1, 2003, that the division filed a Motion to Modify Support with the superior court. The motion asked that Wise's child support be increased to $547 per month, effective December 1, 2002.

Wise requested a hearing, which was held in February 2004. The Master's report found that Wise was voluntarily underemployed and imputed income to him based on his part-time participation in a family rental business and on thirty hours a week of minimum-wage work, increasing his child support obligation to $272.47 per month. The Master recommended that this increase be effective from September 1, 2003, noting that the "order should be entered for the first of the month after CSED filed the motion in court (rather than the lengthy period of administrative review)."

The division filed an objection to the Master's recommendations, arguing that there was insufficient basis to delay the effective modification date from December 1, 2002 to September 1, 2003. Wise filed an opposition, arguing that he had been unable to save any money during the period of the administrative review and would not receive any undeserved benefit from the Master's proposed effective date. The superior court issued the order for modification of child support with the September 1, 2003 date, summarily approving the Master's recommendations. The state appeals.

## III. DISCUSSION

■ We review a trial court's decision on a motion to modify child support under the abuse of discretion standard.[1]

Alaska Civil Rule 90.3(h)(2) prohibits retroactive modification of a child support order. It provides:

> Child support arrearage may not be modified retroactively.... A modification which is effective on or after the date that a motion for modification, or a notice of petition for modification by the Child Support Enforcement Division, is served on the opposing party is not considered a retroactive modification.[2]

Although the text of the rule expresses no preference as to the most appropriate effective date for a modification order so long as it does not predate notice to the obligor, in *Boone v. Boone* we established that the presumptive effective date should be the motion service date.[3] We explained that this date best reflected the needs of the child, holding that "[d]elays in resolving such disputes should not disadvantage parties entitled to relief." [4] In *State v. Dillon,* we expanded this holding to include cases in which a request for modification was filed with CSED rather than the superior court.[5] We held that the date of a Notice of Petition to Modify Child Support was the presumptive date that a subsequent modified order would take effect.[6] We reasoned: "In both situations, allowing modified child support orders to take effect upon receipt of the initial notice adequately protects noncustodial parents against prejudice, while both increasing the likelihood that their payments will accurately reflect their ability to pay and depriving them of incentives to engage in tactical delay." [7]

Nevertheless, we have recognized that there may be occasions when a different date

---

1. *Monette v. Hoff,* 958 P.2d 434, 436 (Alaska 1998).

2. The Child Support Enforcement Division is now the Child Support Services Division and the text of Rule 90.3(h)(2) has been changed to reflect this, but this is the version of the rule in effect when this case came before the superior court.

3. 960 P.2d 579, 585 (Alaska 1998) ("The rule's text does not express a preference or presumption that a modification become effective on the motion service date, and does not prevent the superior court from exercising its discretion and selecting a later effective date. But we are none-

theless persuaded that the motion service date should be the preferred effective date.").

4. *Id.*

5. 977 P.2d 118, 120 (Alaska 1999).

6. *Id.* at 118 ("Under Alaska Civil Rule 90.3(h)(2), a revised child support order presumptively relates back to notice of a petition for modification. Absent good cause for a later effective date, this presumptive date must govern.").

7. *Id.* at 120.

**214**

is appropriate and the superior court may order a different effective date when it finds good cause to do so.[8] But this is not such an occasion. In *Dillon*, the father argued that the modified order should not be effective from the date of the Notice of Petition because he had not received a copy of the actual motion filed by the division.[9] But we held that a parent who did not receive a copy of the motion to modify because the division failed to keep his address up-to-date was not entitled to a later effective date because he was on notice that his support obligation might change, having received a Notice of Petition.[10]

 Thus, *Dillon* stands for the proposition that absent good cause, a modified child support order should be effective from the date the parent receives notice that a modification is being considered. And *Dillon* controls here. Wise was on notice that his child support obligation might change after he received the Notice of Petition in November 2002. We fail to see why a delay of nine months while the division gathered financial information from Wise is good cause to change the presumptive effective date of the modified child support order. The Master's recommendation provides no other justification for the later date, nor is one apparent from the record.

In *Boone*, we held that "service of the motion [or notice of petition] gives the opposing party both fair warning that support may change and an opportunity to reassess, even before the court rules, the correct amount of support. This gives an opportunity to adjust consumption patterns in anticipation of modification, and thus minimize prejudice when relief is granted effective as of the service date."[11] Wise contends that he did not change his spending habits after getting notice of the division's intent to request a modification, because he did not believe that he was underemployed and did not expect his obligation to change. But a non-custodial parent's excessive optimism in assessing the likelihood that his obligation will increase cannot be sufficient cause to delay the effective date for such an increase without "sabotag[ing] the efficacy of Rule 90.3."[12] Therefore, we hold that it was an abuse of discretion for the superior court to diverge from the presumptive effective date for the modification of child support order simply because of the length of the administrative review.

## IV. CONCLUSION

Because a "lengthy administrative delay" by itself is not good cause to diverge from the presumptive effective date for a child support modification order, we REVERSE and REMAND to the superior court for entry of the modified child support order, effective from December 1, 2002.

---

**8.** *See, e.g., Boone,* 960 P.2d at 585 ("[T]he superior court should exercise its discretion in selecting a different effective date only if it finds good cause for doing so.").

**9.** 977 P.2d at 119.

**10.** *Id.* at 120.

**11.** 960 P.2d at 585–86.

**12.** *Id.* at 586.