NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

# THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| NICK PULCZINSKI, | ) | |
| | ) | Supreme Court No. S-14319 |
| Appellant, | ) | |
| | ) | Superior Court No. 3PA-02-00956 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| SUZANNE PULCZINSKI and STATE | ) | AND JUDGMENT* |
| OF ALASKA, DEPARTMENT OF | ) | |
| REVENUE, CHILD SUPPORT | ) | |
| SERVICES DIVISION, | ) | |
| | ) | |
| Appellees. | ) | No. 1455 - April 3, 2013 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Gregory Heath, Judge.

Appearances: Nick Pulczinski, pro se, Palmer, Appellant. No appearance by Appellee Suzanne Pulczinski. Laura Fox, Assistant Attorney General, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Appellee State of Alaska.

Before: Fabe, Chief Justice, Winfree, Stowers, and Maassen Justices. [Carpeneti, Justice, not participating.]

---

\*      Entered under Alaska Appellate Rule 214.

# I.     INTRODUCTION

A father appeals an order modifying his child support obligation and certain interlocutory orders from proceedings in connection with a later custody modification hearing.

After the father stipulated to a temporary modification from equal-shared custody to primary custody with the mother, his child support obligation was increased. The father moved for reconsideration of the child support order on constitutional grounds and sought a stay in enforcement; the superior court denied his requests. The father appeals. Because his constitutional challenges were first raised in his motion for reconsideration, they are reviewed only for plain error. We conclude there was no plain error and we affirm the superior court's decisions.

Following the agreement for temporary custody modification, the superior court held a series of status hearings regarding a permanent custody arrangement. The father appeals several resulting procedural rulings made prior to the custody modification hearing and the entry of final judgment for permanent custody. Because the procedural rulings are not part of a final judgment before us, they are not subject to appeal. We instead consider the father's challenges as a petition for review of the procedural rulings, and we deny review.

# II.    FACTS AND PROCEEDINGS

## A.     Temporary Custody Modification

Nick and Suzanne Pulczinski divorced in 2003. The superior court awarded them joint legal custody and equal-shared physical custody of their minor daughter. The superior court found that Nick and Suzanne had nearly identical incomes and therefore awarded no child support, aside from requiring Nick to reimburse Suzanne each month for health insurance.

Several years later Suzanne filed a domestic violence petition against Nick on their daughter's behalf. At a September 17, 2009 hearing Suzanne withdrew the domestic violence petition and the parties agreed to a temporary custody modification granting Suzanne primary physical custody, contingent upon their daughter participating in family therapy.

The superior court entered a temporary custody order granting Suzanne primary physical custody. The order provided that their daughter would "not be forced to see her father or go to her father's home," but that she would "work with [her] school counselor and [a private counselor] to make sure her wants and needs are addressed and met in her contacts with her father." Suzanne was required to ensure that the counselor informed Nick on a biweekly basis of the counseling progress. The order noted that "[t]he parties should be prepared to indicate whether they wish this order to continue, or have a new stipulation, or wish to return to the original divorce provisions," and that "motions may need to be filed after that date to obtain . . . any requested relief." The order indicated that Suzanne could seek child support from Nick effective September 17, 2009.

## B. Child Support Modification

In October 2009 Suzanne requested that the State of Alaska, Department of Revenue, Child Support Services Division (CSSD) pursue a child support modification. That same month, CSSD notified Nick that it would seek the modification.

On March 16, 2010, CSSD formally moved to modify child support. Based on Nick's income, CSSD calculated that he should pay Suzanne child support of $990 per month. CSSD requested the child support be effective the date of the temporary custody modification, September 17, 2009.

Nick opposed the motion, arguing that CSSD applied an incorrect effective date and failed to account for retirement contributions in calculating his available

income. Nick noted CSSD's October 2009 notice indicated that the "effective date of the new order will be the first day of the month after the parties are mailed this notice," making an appropriate effective date November 1, 2009. Nick also attached a letter from his employer regarding health insurance payments.

Accounting for Nick's retirement and health insurance payments, CSSD recalculated Nick's support amount at $839 per month. CSSD stood by the September 17, 2009 effective date, arguing it was applicable because it was mentioned by the superior court and the "boilerplate of CSSD's subsequent administrative [notice] . . . does not waive the effective date previously established by the Court in this matter, especially where no support is owed to the state."

At a July 2010 status hearing, Nick reiterated his opposition to the effective date. He also argued that his child support obligation should not be based on his current income, but should be based on his lesser income at the time of the 2003 divorce.

In January 2011 the superior court granted CSSD's motion to modify child support and ordered Nick to pay Suzanne $839 per month with an effective date of September 17, 2009. Nick filed a motion for clarification and reconsideration. Nick sought to invalidate the child support order under the following arguments: (1) Alaska's child support guidelines violate substantive due process and equal protection; (2) the child support order deprives Nick of his right to a civil appeal by preventing him from affording the cost of transcribing proceedings; (3) the child support guidelines violate his constitutional right to privacy; (4) the child support order is an unconstitutional taking; (5) enacting federal child support guidelines is not within Congress's enumerated powers; and (6) his child support payments cannot be past due because prior to the January 2011 order there was no support order. Nick also requested that the superior court stay the child support order pending a ruling on reconsideration.

The superior court denied, without explanation, both Nick's motion for reconsideration and his request for a stay.

### C. Child Custody Proceedings

In 2010 Nick and Suzanne appeared before the superior court for several status hearings. Ongoing issues at the status hearings included the efficacy of the family therapy and the disclosure of medical records. The superior court repeatedly continued the temporary custody modification with instructions that the parties work with the daughter's counselor out of court.

On November 10, 2010, shortly before another status hearing, Nick filed a "Notice of Intent to Rescind Stipulated Temporary Change in Physical Custody" and an affidavit. Nick sought an order to change his daughter's counselor and requested a return to equal-shared physical custody. At the status hearing the superior court orally denied Nick's request for an order to change counselors and noted that a trial date would be scheduled to resolve the custody issue.

A little more than a month later, Nick filed a "Motion to Grant Defendant's Request as Unopposed, and Motions for Clarification and for Reconsideration." Nick argued that his "Notice of Intent to Rescind Stipulated Temporary Change in Physical Custody" vacated the temporary modification and caused an automatic return to shared custody. Nick requested that the superior court reconsider its denial of a change in the daughter's counselor and reiterated a request for medical records.

The superior court denied Nick's motion, explaining a permanent custody modification hearing should proceed because Nick had moved to modify custody through his "Notice of Intent to Rescind Stipulated Temporary Change in Physical Custody." The superior court noted that Nick could not unilaterally rescind the temporary custody modification without the superior court first addressing the best interests of the child.

In February and March 2011, the superior court referred the case to a family court master for a final custody hearing and ordered a custody investigation. Hearings continued before the master through at least December 2011. An order modifying custody apparently was issued in July 2012.

### D.    Appeal

Nick appealed pro se in May 2011 and supplemented his points on appeal in October 2011, in the midst of the ongoing custody modification proceedings but before the custody modification hearing and final order. Nick challenges the constitutionality of the child support order and the denial of his motions for reconsideration and a stay. Nick also raises a number of challenges to the child custody proceedings, including the construction and enforcement of the temporary modification order at the status hearings, the responses to his requests for the daughter's medical records, the appointment of a guardian ad litem, the referral to a family court master, and the appointment of a child custody investigator.

CSSD appeared and addressed only the enforceability of the child support order. Suzanne did not participate in the appeal.

## III.   DISCUSSION

### A.    Child Support Modification

Nick devotes the argument section of his appellate brief to challenging the January 14, 2011 child support order. He raises several constitutional arguments and disputes the effective date and denial of a stay. Nick requests that we vacate the child support order and remand for an evidentiary hearing on Suzanne's actual costs of raising their daughter. We first address the effective date, then the stay denial, and finally the constitutional challenges.

### 1.    The child support modification applied a correct effective date.

Nick appeals the child support order, arguing that it erroneously indicated he was in arrears the day it was granted. We read this as an extension of his superior court argument that a November 1, 2009 effective date should apply instead of September 17, 2009, because CSSD sent him a notice in October 2009 indicating that the effective date would be the first day of the following month. Nick argues on appeal that his child support could not be overdue because he had no outstanding support obligation prior to the order. He argues that CSSD arbitrarily indicated he was $14,330 in arrears for 17 months and imposed interest "without authorization by court order, statute or rule."

Alaska Civil Rule 90.3(h)(2) allows for child support modification effective on the date that the responsible party received notice of the possibility of modification.[1] In *State, Department of Revenue, Child Support Services Division v. Wise* we explained that "absent good cause, a modified child support order should be effective from the date the parent receives notice that a modification is being considered."[2] While we have previously enforced the effective date mentioned in CSSD's notice letter,[3] we focus on whether the party opposing modification received fair warning and thus an opportunity to anticipate the modification and minimize prejudice.[4]

---

[1]      *See State, Dep't of Revenue, Child Support Servs. Div. v. Wise*, 122 P.3d 212, 214 (Alaska 2005).

[2]      *Id.*

[3]      *See, e.g., State, Dep't of Revenue, Child Support Servs. Div. ex rel. Peterson v. Kosto*, Mem. Op. & J. No. 1333, 2009 WL 564681, at * 3 (Alaska, Mar. 4, 2009).

[4]      *See Rosen v. Rosen*, 167 P.3d 692, 697 (Alaska 2007) (quoting *Wise*, 122 (continued...)

The superior court told Nick, both in person at the custody hearing and in writing in the temporary custody modification order, that any child support order Suzanne pursued could be effective as of that day, September 17, 2009. While CSSD's October notice letter mentioned an effective date of the first day of the following month, Nick was on notice that Suzanne could pursue child support effective September 17. Because Nick was put on notice from the superior court, he had an adequate opportunity to anticipate the modification and minimize prejudice. We uphold the January 14, 2011 child support order and note that it was appropriate for arrears to extend to the September 17 effective date specified at the custody hearing and in the custody modification order.

### 2. The superior court did not abuse its discretion in denying a stay.

Nick appeals the superior court's denial of his request for a stay pending reconsideration of the child support order. He asserts the denial "was clearly erroneous [or] an abuse of discretion, if not otherwise contrary to law," but he does not explain what findings were erroneous or how the superior court abused its discretion. While we do not need to consider points on appeal "given only a cursory statement in the argument portion of a brief,"[5] we note there is nothing in the record indicating the stay denial was an abuse of discretion.

"Where there is no showing of irreparable harm or of a probability of

---

[4]     (...continued)
P.3d at 214).

[5]     *Patrawke v. Liebes*, 285 P.3d 268, 271 n.7 (Alaska 2012) (quoting *Adamson v. Univ. of Alaska*, 819 P.2d 886, 889 (Alaska 1991)); *see also Williams v. Williams*, 252 P.3d 998, 1010 (Alaska 2011) (concluding pro se party waived arguments that were not discernable, were made too briefly, or appeared absent meaningful context).

success on the merits, the superior court does not abuse its discretion in denying a stay."[6] Nick challenged the entry of arrears and raised constitutional arguments. As outlined above, Nick's challenge to the arrears was without merit. And as outlined below, Nick's constitutional arguments were not properly before the superior court. Because there was little probability of success on the motion for reconsideration, denying the stay was not an abuse of discretion.

### 3. The constitutional arguments were not timely raised and do not demonstrate plain error.

Nick raises several constitutional challenges to the child support order and Rule 90.3.[7] He asserts that: (1) the order and Rule 90.3 violate Alaska and federal constitutional guarantees of equal protection, due process, and privacy; (2) Rule 90.3 violates the Supremacy Clause of the federal constitution; (3) federal child support laws exceed Congress's authority; (4) the child support order is an unconstitutional taking; (5) the child support order unconstitutionally deprives Nick of access to court; and (6) CSSD employs unconstitutional collection practices. Nick first raised these arguments before the superior court in his "Motion for Clarification and for Reconsideration."

CSSD argues that issues raised for the first time in a motion for reconsideration are untimely and not preserved for appeal.[8] CSSD is correct. We have

---

[6]  *Robinson v. Robinson*, 953 P.2d 880, 887 n.12 (Alaska 1998).

[7]  Alaska R. Civ. P. 90.3(a) establishes guidelines for calculating the child support owed to a parent with primary physical custody. Subsection (c) allows for variance from that calculation "for good cause upon proof by clear and convincing evidence that manifest injustice would result if the support award were not varied."

[8]  *See, e.g.*, *DeNardo v. GCI Commc'n Corp.*, 983 P.2d 1288, 1290 (Alaska 1999) ("Issues raised for the first time in a motion for reconsideration are untimely.
(continued...)

explained that "[a] trial court is 'under no obligation to consider an issue raised for the first time in a motion for reconsideration,' " and that such issues are "untimely and . . . not properly before [us] on appeal."[9] We are not persuaded by Nick's arguments that his constitutional challenges were timely raised.

First, Nick asserts that he did not raise the arguments in a motion for reconsideration, but in a motion for "clarification and reconsideration." But in his motion Nick stated the grounds for reconsideration set out in Rule 77(k) and requested that the superior court reconsider the support order in light of its impact on Nick's constitutional rights. He did not merely seek clarification of the grounds or of the support order's effect. Nick's motion is properly treated as one for reconsideration. Second, Nick attempts to distinguish cases cited by CSSD, arguing they are not supportive because they involved issues raised in a cursory fashion or after summary judgment — but all the cases applied the proposition that issues raised for the first time in a motion for reconsideration are not timely.[10] Third, Nick argues that the

---

[8]      (...continued)
Because these issues are not properly before us on appeal, we decline to consider them." (citations omitted)).

[9]      *Jaymot v. Skillings-Donat*, 216 P.3d 534, 544 (Alaska 2009) (quoting *Blackburn v. State, Dep't of Transp. & Pub. Facilities*, 103 P.3d 900, 906 (Alaska 2004)); *see also DeNardo*, 983 P.2d at 1290 (declining to consider constitutional arguments raised for the first time in a motion for reconsideration).

[10]      *See Lee v. State*, 141 P.3d 342, 348 (Alaska 2006) (holding issue of protective order first raised in a motion for reconsideration untimely); *DeNardo*, 983 P.2d at 1290 (declining to review constitutional arguments first raised in a motion for reconsideration after summary judgment); *Howe v. Howe*, Mem. Op. & J. No. 1306, 2008 WL 1914361 at *1 (Alaska, Apr. 30, 2008) (holding issue given passing mention in motion for reconsideration waived); *Ashenfelter v. Bering Straits Reg'l Hous. Auth.*, Mem. Op. & J. No. 1046, 2001 WL 34818259 at *4 (Alaska, Sept. 26, 2001) (declining (continued...)

constitutional issues did not arise until after the support order was entered. But Nick does not demonstrate how the constitutional issues could not have been foreseen, and the constitutional nature of arguments has not prevented us from holding that they were untimely.[11] Finally, Nick argues that constitutional challenges are a question of subject matter jurisdiction, which can be raised at any time. "[S]ubject matter jurisdiction involves a threshold determination as to whether the court is legally authorized to decide the question presented."[12] Nick's constitutional arguments do not implicate that threshold determination.

Because Nick raised his constitutional arguments for the first time in his motion for reconsideration, they are waived unless they raise plain error.[13] Plain error is an obvious mistake creating a high likelihood that injustice has resulted;[14] there is no such error here. First, Nick argues that the child support order and Rule 90.3 violate

---

**10**      (...continued)
to review constitutional issues first raised in a motion for reconsideration).

**11**      *See, e.g.*, *DeNardo*, 983 P.2d at 1290; *Ashenfelter*, 2001 WL 34818259 at *4.

**12**      *Nw. Med. Imaging, Inc. v. State, Dep't of Revenue*, 151 P.3d 434, 438 n.7 (Alaska 2006) (quoting *Gilbert v. Gladden*, 432 A.2d 1351, 1353-54 (N.J. 1981)) (internal quotation marks omitted).

**13**      *See Clemensen v. Providence Alaska Med. Ctr.*, 203 P.3d 1148, 1154 (Alaska 2009) ("[W]e will not consider an issue raised for the first time in a motion for reconsideration."); *Fernandes v. Portwine*, 56 P.3d 1, 9 n.27 (Alaska 2002) ("[W]aiver will not be found where an issue raises plain error.").

**14**      *Paula E. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 276 P.3d 422, 436 (Alaska 2012).

equal protection and due process. But we have held otherwise[15] and have declined to overrule that holding.[16] Second, Nick argues that the child support guidelines violate a privacy right to determine how much to spend on one's child, but his cited authority is inapplicable and unpersuasive.[17] Third, Nick argues that Rule 90.3 is out of compliance with federal child support laws and therefore violates the Supremacy Clause. He provides no support for that argument, however, and even if Alaska were out of compliance, the Supremacy Clause would not be implicated.[18] Fourth, Nick argues federal child support laws exceed Congress's lawmaking authority.[19] That argument has

---

[15]    *Coghill v. Coghill*, 836 P.2d 921, 928-30 (Alaska 1992) (holding Rule 90.3 does not violate equal protection and due process).

[16]    *Lawson v. Lawson*, 108 P.3d 883, 885-86 (Alaska 2005). We find no support for Nick's additional argument that equal protection requires "uniformity between states on child support guidelines, how they are developed, or how they are applied."

[17]    *See Wisconsin v. Yoder*, 406 U.S. 205, 234-36 (1972) (holding law requiring education up to age 16 violated First Amendment's free exercise clause as applied to Amish claimants); *Pierce v. Soc'y of the Sisters of the Holy Names of Jesus & Mary*, 268 U.S. 510, 534-35 (1925) (holding law compelling children to attend only public schools unconstitutionally infringed on parents' liberty to direct a child's upbringing); *Moylan v. Moylan*, 384 N.W.2d 859, 866 (Minn. 1986) (Yetka, J., concurring) (speculating that imposing child support when parents are neither unable nor refusing to support children may unconstitutionally invade privacy).

[18]    *See Doll v. Barnell*, 693 N.W.2d 455, 465 (Minn. App. 2005) ("[E]ven if the evidence established that [the state's] review of its [child support] guidelines was deficient, . . . the state would simply be ineligible for incentive payments under the federal scheme.").

[19]    Nick cites to 42 U.S.C. § 666, setting out procedures that states must have in effect for a federal incentive program.

been rejected by federal appellate courts, and Nick does not distinguish those cases.[20] Fifth, Nick argues that a child support award pursuant to Rule 90.3 is an unconstitutional taking, but this argument fails in light of authority to the contrary.[21] Sixth, Nick argues that the child support order reduces his financial status so as to unconstitutionally deprive him of access to an attorney or an appeal. But he was not denied an appeal, and he did not argue that he had a right to appointed counsel.[22] Finally, Nick argues that CSSD's collection practices, including designating arrears, suspending or revoking a driver's license or professional license, or preventing travel, are unconstitutional. Aside from the entry of arrears, which we explained above was proper, Nick does not allege that CSSD used any of the other practices in his case. In sum, Nick's constitutional arguments do not rise to the level of plain error.

---

[20] *Hodges v. Thompson*, 311 F.3d 316, 318, 321 (4th Cir. 2002) (holding 42 U.S.C. §§ 651-669 "are constitutionally valid under the Spending Clause and the Tenth Amendment"), *cert. denied sub nom. Sanford v. Thompson*, 540 U.S. 811 (2003); *Kansas v. United States*, 214 F.3d 1196, 1204 (10th Cir. 2000) (holding federal child support provisions a valid exercise of spending power and "a reasoned attempt by Congress to ensure that its grant money is used to further the state and federal interest in assisting needy families, in part through improved child support enforcement"), *cert. denied*, 531 U.S. 1035 (2000).

[21] *See Ga. Dep't of Human Res. v. Sweat*, 580 S.E.2d 206, 212 (Ga. 2003) (explaining child support guidelines "do not allow a taking for public purposes, but rather ensure that non-custodial parents help pay the costs of supporting their children").

[22] *See Langfeldt-Haaland v. Saupe Enters., Inc.*, 768 P.2d 1144, 1146 n.23 (Alaska 1989) (explaining indigent has no right to appointed counsel in most civil cases, with some exceptions); *cf. In re Alaska Network on Domestic Violence & Sexual Assault*, 264 P.3d 835, 837 (Alaska 2011) (explaining right to counsel in child custody claims is limited to cases where party seeking counsel is indigent and opposing party is represented by a public agency (citing *Flores v. Flores*, 598 P.2d 893, 896 n.12 (Alaska 1979))).

### B.  Custody Proceedings Challenges

Nick purports to appeal the superior court's order denying his "Motion to Grant Defendant's Request as Unopposed, and Motions for Clarification and for Reconsideration" (challenging the superior court's decision to schedule a permanent custody modification hearing); the order appointing a guardian ad litem; the order appointing a custody investigator; the referral to a family court master; and decisions relating to the daughter's counselor and the disclosure of her medical records.  These orders are not appealable final judgments,[23] and we therefore treat the attempted appeal as a petition for review.[24]  We are not persuaded that Nick has raised issues outweighing the sound policy behind requiring appeals to be taken only from a final judgment.[25]  We therefore deny the petition for review.

Even if we were to grant the petition for review, the arguments would be waived for failure to adequately brief them.[26]  The argument section of Nick's brief is devoted to the child support issues discussed above, and the issues relating to the custody

---

[23]    *See* Alaska R. App. P. 202 ("An appeal may be taken to the supreme court from a final judgment . . . ."); *see also Martech Constr. Co. v. Ogden Envtl. Servs., Inc.*, 852 P.2d 11146, 1153 (Alaska 1993) ("The basic thrust of the finality requirement is that the judgment must be one which disposes of the entire case, '. . . one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " (quoting *Greater Anchorage Area Borough v. City of Anchorage*, 504 P.2d 1027, 1030 (Alaska 1972), *overruled in part by City & Borough of Juneau v. Thibodeau*, 595 P.2d 626, 629 (Alaska 1979))).

[24]    *See* Alaska R. App. P. 402.

[25]    *See id.*

[26]    *Williams v. Williams*, 252 P.3d 998, 1010 (Alaska 2011) ("We have held that even for pro se litigants, '[w]here a point is given only cursory statement in the argument portion of a brief, the point will not be considered on appeal.' " (alteration in original) (quoting *A.H. v. W.P.*, 896 P.2d 240, 243 (Alaska 1995))).

proceedings appear only in conclusory statements interspersed without analysis throughout Nick's statement of the facts and proceedings. In the absence of discernable arguments on that briefing, Nick's interlocutory challenges to the custody proceedings would be waived.

## IV. CONCLUSION

We AFFIRM the child support order. We treat the premature challenges to the permanent custody proceedings as a petition for review, which is DENIED.