Andrew B. CASE, Appellant,

v.

MUNICIPALITY OF ANCHORAGE,
Appellee.

No. A–9082.

Court of Appeals of Alaska.

Jan. 27, 2006.

David S. Case, Anchorage, Landye Bennett Blumstein, LLP, for the Appellant.

Rachel Plumlee, Assistant Municipal Prosecutor, and Frederick H. Boness, Municipal Attorney, Anchorage, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

Andrew B. Case was ticketed for speeding, and he demanded a trial on this charge. Case asserts that he received permission from the district court to attend the trial telephonically, since he was about to leave Alaska to study in Europe.

Case's trial was set for the afternoon of October 13, 2004. But Case failed to telephone the district court at the appointed time. After waiting for approximately forty minutes, Magistrate Jennifer K. Wells proceeded with the trial. The officer who gave Case the speeding citation testified that Case had indeed committed this offense. Based on this testimony, and based on Case's failure to appear, Magistrate Wells entered a default judgement against Case pursuant to Alaska District Court Criminal Rule 8(d)(6).[1]

Some ten weeks later, Case filed the first of a series of pleadings in which he asked the district court to set aside this default judgement under District Court Criminal Rule 8(i), and to reschedule his trial.

Although Magistrate Wells initially indicated that she believed Case had not acted with due diligence, she later conceded that Case might have been confused concerning the hour when he was supposed to call the court, given the time difference between Alaska and Spain. However, Magistrate Wells noted another deficiency in Case's pleadings.

Under the Alaska appellate cases construing Alaska Civil Rule 60(b) (the civil rule counterpart to District Court Criminal Rule 8(i)), a party seeking relief from a default judgement must assert that they have a meritorious defense to the opposing party's claim(s). In other words, a party seeking relief from a default judgement must show the court that there is, in fact, something to be litigated.[2]

As Magistrate Wells pointed out, Case never asserted that he had a meritorious defense to the speeding citation. In fact, Case expressly contended that he had no obligation to assert a defense. Case argued that a traffic citation "is· a criminal matter", and that "requiring a defendant to show [a] defense would impermissibly require that the defendant waive his right to remain silent in order to obtain a [trial]".

Magistrate Wells rejected this contention. And, because Case failed to assert a defense to the speeding charge, the magistrate denied his motion to set aside the default judgement. Case then filed this appeal.

Case renews his contention that, to the extent that Alaska law requires him to plead a meritorious defense to the speeding charge in order to get the default judgement set aside, Alaska law violates his Fifth Amendment right to remain silent. However, Case fails to cite any relevant case law to support this proposition.

---

**1.** This rule reads: "The court may ... enter a judgment of conviction against a person who requests a trial [of a minor offense] if the person has been [notified of the] trial date and then fails to appear...."

**2.** *See Cook v. Rowland,* 49 P.3d 262, 265 (Alaska 2002) ("In addition to the specific showing of excusable neglect, ... the rules governing setting aside a default judgment generally require that the movant have a meritorious defense."); *Hertz v. Berzanske,* 704 P.2d 767, 771 n. 5 (Alaska 1985); *Gregor v. Hodges,* 612 P.2d 1008, 1009–

1010 (Alaska 1980); *Balchen v. Balchen,* 566 P.2d 1324, 1328 n. 11 (Alaska 1977); *Markland v. Fairbanks,* 513 P.2d 658, 659–660 (Alaska 1973). *See also Disciplinary Matter Involving Beconovich,* 884 P.2d 1080, 1083 (Alaska 1994) ("[The] respondent attorney must show a meritorious defense *and* excusable neglect to warrant relief from the operation of [Alaska] Bar Rule 22(a)," which provides that an attorney's failure to answer a grievance within the prescribed time will be deemed an admission.).

Case's Fifth Amendment argument might be stronger if Alaska law required the moving party to *prove* a meritorious defense as a pre-condition to setting aside a default judgement. But the burden on the moving party is simply to convince the court that there is something to litigate if the matter went to trial.

The Alaska Supreme Court most recently addressed this point in *Cook v. Rowland,* 49 P.3d 262 (Alaska 2002). Here is how the supreme court described the rule that a party seeking to set aside a default judgement must demonstrate a "meritorious defense":

> It is not necessary that the defendant show that, if [the default is set aside], the ultimate outcome [of the litigation] *will* be different[. But] the defendant must demonstrate that the outcome *might* be different if a trial were held.

Showing a meritorious defense demands more than a perfunctory statement that a meritorious defense exists. The defaulting party may be required to show that there is a factual or legal basis for the tendered defense. [The appellant in this case] contends that this requirement only means that a defendant must say more than the conclusory statement "I have a defense." But the exact standard is not so easily defined, because the amount of proof required will change based on the persuasiveness of the other equitable factors considered under [Civil] Rule 55(e)'s requirement of good cause.

[On the other hand, we reject the appellee's argument] that a meritorious defense [always] requires both a claim of defense and a factual representation supporting that claim.... [I]n several ... cases we have not required evidence[,] but have found a meritorious defense when facts supporting a claim of defense are merely alleged. Again, the existence and quality of evidence establishing a meritorious defense is a factor to be weighed in determining whether good cause exists to set aside the default judgment.

*Cook v. Rowland,* 49 P.3d at 265–66 (emphasis added) (footnotes and internal quotations omitted).

In other words, the rule does not require the presentation of an extensive or full-blown defense. In some instances (as noted in *Cook v. Rowland* ), the defendant's burden can be satisfied by simply presenting an arguable theory of defense—allegations which, if ultimately supported by credible evidence, would defeat the opposing party's claim.

Case argues that the Fifth Amendment protects a criminal defendant from disclosing even this much about his case. But, as we noted above, Case has failed to provide us with any authority to support this assertion. And our own research has not revealed any cases on point.

Moreover, we note that even though Alaska's privilege against self-incrimination (Alaska Constitution, Article I, Section 9) has repeatedly been interpreted as providing broader protection than the corresponding federal privilege,[3] the Alaska Supreme Court has nevertheless held that requiring a criminal defendant to give advance notice of their intention to raise a defense of "alibi" does not violate the defendant's privilege against self-incrimination. *Scott v. State,* 519 P.2d 774, 786–87 (Alaska 1974).

We do not suggest that Case's constitutional argument is frivolous. However, because we must presume that the "meritorious defense" requirement is constitutional, it is Case's burden to affirmatively demonstrate that this requirement violates his Fifth Amendment privilege.

It is sufficient, for present purposes, to note that (1) Case has failed to cite any authority to support his Fifth Amendment assertion, (2) our own research has revealed no case law that prohibits courts from enforcing a "meritorious defense" requirement against criminal defendants, and (3) even under Alaska constitutional law as expounded in *Scott,* the "meritorious defense" requirement appears not to infringe the privilege against self-incrimination, at least to the extent that the "meritorious defense" rule

---

3. *See Beavers v. State,* 998 P.2d 1040, 1046 n. 30 (Alaska 2000); *State v. Gonzalez,* 853 P.2d 526, 530 (Alaska 1993); *Scott v. State,* 519 P.2d 774, 785 (Alaska 1974).

merely requires defendants to give advance notice of their general theory of defense.

Given these circumstances, we conclude that we need not—and should not—definitively resolve the Fifth Amendment issue raised by Case in this appeal. Rather, as we said in *Nason v. State*, "it is better to leave [this] important [constitutional] issue[ ] undecided." [4] We therefore simply hold that, with regard to Case's Fifth Amendment challenge to the "meritorious defense" requirement, Case has failed to rebut the presumption that this requirement is constitutional.

We accordingly AFFIRM the district court's ruling that Case is obliged to plead a meritorious defense as one element of his motion to set aside the default judgement.

Now that we have clarified the law that governs Case's motion to set aside the default judgement, Case should have the opportunity to file an amended motion that includes the assertion of a meritorious defense. Accordingly, Case shall have 30 days from the issuance of this opinion to file an amended motion to set aside the default judgement. If, within these 30 days, Case files an amended motion (one that includes an assertion of a meritorious defense), the district court shall reconsider the question of whether the default judgement against Case should be set aside. If, on the other hand, Case files no amended motion within the 30 days, the default judgement shall stand.

We do not retain jurisdiction of this case.

We do, however, add one final comment—a suggestion for a revision of the court system form that is currently given or mailed to people who indicate that they want to ask the court to set aside an already-entered default judgement. This form is entitled "Request and Order to Set Aside Judgment", and it currently bears the identifying number "TR–420 Anch (11/98) (st.4)".

This form states (correctly) that District Court Criminal Rule 8(i) sets a one-year time limit on motions to set aside a default judgement. The form then asks the person to explain why the default judgement should be set aside, and it provides four empty lines for this explanation.

The problem is that the form does not provide any information concerning the law that governs requests for setting aside a default judgement.

As we noted in *Zok v. Anchorage*, 41 P.3d 154 (Alaska App.2001), a litigant who seeks to have a default judgement set aside must pursue one of two paths. Either the litigant must allege that their right to due process was violated in the earlier proceeding (*i.e.*, they did not receive fair notice of the proceeding, or they did not have a fair opportunity to respond before the default was entered), or alternatively, the litigant must allege that there is a good reason to set aside the default judgment and that they have a meritorious defense to present if the case is re-opened. *Zok*, 41 P.3d at 155–56.

As Case correctly noted when he argued this appeal to us, the court system form is completely silent regarding these legal requirements. Thus, unless a person has the means or the good fortune to consult a lawyer, there is a good chance that they will fail to address these legal requirements when they give their four-line handwritten explanation of why the default judgement should be set aside.

And, because the form allows the assigned judge to deny the set-aside by simply checking a box labeled "Request denied", the person requesting the set-aside may never know that their request was denied because they failed to address these legal requirements.

We agree with Case that this form should be changed so that it informs people of what they must prove if they wish to have a default judgement set aside.

**4.** 102 P.3d 962, 965 (Alaska App.2004).